## UNDERWOOD v. UNDERWOOD.

(Court of Appeals of District of Columbia. Submitted February 8, 1921. Decided March 7, 1921.)

No. 3421.

1. **Divorce** ⬅️37(22)—**Ill temper and financial differences not cause for desertion.**

Proof of ill temper on the part of the wife and of differences over financial matters is not sufficient to justify the husband in abandoning his wife.

2. **Divorce** ⬅️37(20)—**Wife's denial of intercourse not a ground.**

A wife's denial of matrimonial intercourse is not of itself a ground for divorce.

3. **Divorce** ⬅️37(22)—**Only grounds for divorce justify desertion.**

Acts which justify desertion must be such as would support a decree for divorce.

4. **Divorce** ⬅️37(8)—**Spouse unjustifiably deserted need not seek reconciliation.**

Where a husband abandoned his wife without justification, and notified her that under no circumstances would he live with her, she is not required to take any steps to induce him to return or offer to go to him as a condition to suit for divorce.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Divorce ☞37(8)—Party at fault must seek reconciliation to bar divorce for desertion.**

The party at fault in the original separation must make a good-faith offer to return, in order to prevent the desertion from becoming a statutory ground for divorce.

**6. Divorce ☞56—Offer of husband, rejected by wife, does not show "collusion."**

Evidence that the husband offered money to his wife if she would go to another jurisdiction and secure absolute divorce, or would permit him to do so, which offer was rejected by the wife unequivocally, does not show "collusion," which requires a meeting of minds on a course of conduct by which the parties co-operate in an attempt to lay the foundation for an action for divorce, and such offer does not prevent the wife from obtaining a divorce a mensa et thoro.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collusion.]

Appeal from the Supreme Court of the District of Columbia.

Suit by Margaret L. Underwood against Lineas D. Underwood, for divorce a mensa et thoro. Decree for complainant, and defendant appeals. Affirmed.

Paul V. Keyser, of Washington, D. C., for appellant.

R. C. Thompson and John E. Laskey, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellee, Margaret L. Underwood, brought this suit in the Supreme Court of the District of Columbia against her husband, Lineas D. Underwood, for divorce a mensa et thoro.

The parties were married in 1899. A son was born in 1902. In 1913 appellant left his wife, but through her friends and the intervention of relatives a reconciliation was effected. It is conceded that things moved along harmoniously for a year or a year and a half thereafter. In August, 1916, appellant again left his wife, and has since refused to live with her. Indeed, he testified in the present case that he intended, when he left appellee, that the separation should be permanent.

[1, 2] We deem it unnecessary to review the facts adduced at the trial below. The record fails to establish any justification for appellant's desertion of his wife. Proof of ill temper on the part of the wife and differences over financial matters are not sufficient to justify the husband in abandoning his wife. Appellant also contends that appellee denied him matrimonial intercourse. This is denied by the wife. However, if this were true, the wife's denial to the husband of matrimonial intercourse is not, of itself, ground for divorce in this jurisdiction. Steele v. Steele, 1 McArthur, 505.

[3] It is settled in this jurisdiction that acts justifying desertion must be such as would support a decree for divorce. Hitchcock v. Hitchcock, 15 App. D. C. 81. It is clear that appellant has established no such treatment by his wife as would bring him within the rule.

[4] It is contended, however, that appellee is without standing, since she took no steps to induce appellant to return or made any offer

to go to him. It is apparent from the record that such efforts would have been unavailing. When appellant left, he deliberately notified his wife that under no circumstances would he live with her, that he had ceased to love her, and that "he could not bear to touch her." Under these circumstances, there was no duty devolving upon the wife to use her efforts to terminate the desertion. Where, as here, the wife has not procured, consented to, or connived at the separation, she is under no obligation to solicit the husband's return.

[5] On the other hand, if appellant wished to prevent his desertion from maturing into a cause of action for divorce by his wife, it was incumbent upon him to offer in good faith to return.

"The party at fault in the original separation, desiring to resume proper marital relations within two years, and thus prevent the desertion from becoming a statutory ground for divorce, must make a good-faith offer to return, without other conditions than those incident to the proper treatment of each by the other as husband and wife." Seeds v. Seeds, 139 Iowa, 717, 117 N. W. 1069.

[6] But it is urged that the separation was brought about as the result of collusion between the parties. It appears that appellant offered his wife $12,000 if she would go into another jurisdiction and secure an absolute divorce on the ground of desertion, or if she would permit him to establish a residence elsewhere and secure a divorce. But there is no proof that the wife even considered the offer. On the contrary, it clearly appears that she promptly and unequivocally rejected the proposition, with the statement that she did not wish a divorce. Before there can be collusion, there must be a meeting of the minds upon a course of conduct by which the parties co-operate in an attempt to lay the foundation for an action for divorce; but nothing occurred in this case which, by the broadest inference, could be distorted into such an agreement. The fraud which appellant admits he was prepared to perpetrate upon the court and society was promptly rejected by the wife.

The decree is affirmed, with costs.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.