### TAYLOR v. TAYLOR.
### No. 5817.

Court of Appeals of the District of Columbia.
Argued Oct. 5, 1933.
Decided Nov. 6, 1933.

Austin F. Canfield and Walter J. Casey, both of Washington, D. C., for appellant.

Benj. L. Gaskins, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's petition for a divorce a mensa et thoro from appellee.

At the time of their marriage on December 24, 1921, appellee had been practicing medicine and surgery for more than ten years, and appellant had been a public school teacher for several years. It is apparent from the testimony that their habits had become fixed and that sentiment was not the controlling factor in their union; particularly is this true of the doctor, who frankly testified that "what he needed was service; * * * that his wife fell short in many things; while he knew she was a school teacher she came from a poor family and he thought she had training enough to be his housekeeper and take charge and relieve him of all such duties;" that when she took charge of the housekeeping she did not do it very well, "and when he complained to her she did not receive it very well"; "that Mrs. Taylor did many things in cooking that he did not like, and he thought she did not have the ability or the desire to learn how to cook, and he always let her know when her cooking displeased him." There is no evidence that the doctor ever complimented his wife about anything. Inasmuch as Mrs. Taylor, with her husband's consent, continued teaching until October 1, 1922, it is not strange that she was unable to fulfill the rather ambitious requirements of the doctor for a housekeeper. In a comparatively short time after the marriage the doctor moved into a separate room, and from that time marital relations ceased. He testified that "Mrs. Taylor never gave him any reason by her conduct or acts of hers to cause him to move out of her bedroom." He discontinued her allowance, and she resumed teaching. Her salary is now about $1,900 a year. She occupies a room in the doctor's house and might, if she desired, eat at the doctor's table.

After listening to the testimony of the parties and their witnesses, the court below observed that Dr. and Mrs. Taylor "are apparently outstanding people of their race." After expressing the opinion that the trouble was probably due to the wrong mental attitude of the parties, the court said: "What is the court to do about it? Is there anything for any particular adjudication? These people are each making their own income. The wife still lives in the home, which, apparently, is a good home, a good location, and a good room. A decree would do very little. If it is said that the wife is entitled to separation from bed and board, she is already separated from board and she is free to move if she desires. Under all the circumstances I should say * * * that there might be some chance of reconciliation in this case. It seems that if they turned their thoughts a little more from themselves towards what is best for the other that they might still be able to effect a reconciliation. At least I do not see how the court can correct the situation."

In the absence of physical violence, to bring the case within section 63, tit. 14, D. C. Code 1929 (section 966, D. C. Code 1901), which authorizes a divorce a mensa et thoro for cruelty, the evidence must establish conduct creating a state of mind which, operating on the physical system, produces bodily injury. Mere lack of congeniality, or incompatibility of temper, and the consequent wranglings of the parties, will not justify a charge of cruelty on the part of either. Waltenberg v. Waltenberg, 54 App. D. C. 383, 298 F. 842.

While Dr. Taylor in the present case has subjected his wife to petty annoyances, we think the evidence falls short of satisfying the rule announced, especially in view of the findings of the trial justice, who heard the testimony. In the event Mrs. Taylor should find herself in necessitous circumstances, the court below will afford her such relief as the facts warrant. We will therefore affirm the decree, but we think appellee should pay the costs, and it is so ordered.

Affirmed.