## MILLER v. MILLER.

### No. 7512.

United States Court of Appeals for the District of Columbia.

Decided July 22, 1940.

Alfred M. Schwartz, Morris M. Aein, and Samuel A. Friedman, all of Washington, D. C., for appellant.

Abraham Chasanow, of Washington, D. C., for appellee.

Before STEPHENS, MILLER, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The appeal is from a judgment of the District Court dismissing the complaint for divorce. It is presented on an agreed "Statement of Evidence." As the action for divorce is uncontested, both below and here, we are without benefit of argument by defendant, and the only evidence on which the agreed statement is based is plaintiff's testimony and that of her corroborating witnesses. Plaintiff commenced this action November 15, 1938, asking for absolute divorce on the ground of desertion. At the hearing in June, 1939, plaintiff testified that she and her husband had quarrelled "almost continuously" for about six months before he left her, mostly over trivial matters. He often threatened to leave her. Defendant wished to buy a house, but plaintiff objected on the ground that they could not afford to do so. They quarrelled over that matter, but continued to live in an apartment until their separation. Another bone of contention was defendant's liking for the movies. Plaintiff often felt too tired or too busy with housework to go with defendant as frequently as he wished to attend. One of the resultant disputes was the culminating cause of their separation. On November 1, 1936, defendant suggested going to the movies. Plaintiff objected strenuously but accompanied him. Her testimony concerning this final dispute follows:

"He argued and quarrelled all the way downtown so intensely that he gave little or no attention to his driving and almost had an accident, which made him even more angry and I thought he was going to wreck the car. When this near accident occurred he changed his mind about going to the movies and started back home. On the way back he told me that he wasn't happy and our marriage as far as he was concerned was a failure and that he was going to leave. I cried and told him that if I was in any way to blame, I was sorry and

if he would stay, I would try to change. He replied that he was through and was going to leave and wished he had never met me and wasn't going to put up with me anymore. I asked him not to go, and told him that I was sure that we could start over and make a go of it, and that it would be a shame for my mother if we were to separate. He, however, left me on that day. About a month later I called him and asked him to meet me, so that we might have a talk. He met me and we went for a short drive, during the course of which he quarrelled with me because I asked him to come back and he emphatically refused, and said he was of the same mind as when he left. Since he left me and up to the present time, I have not cohabited with my husband."

One witness corroborated plaintiff's testimony concerning the quarrels and her efforts to placate her husband. Four witnesses testified to the continued separation of the parties.

August 14, 1939, the court made its findings of fact, including the following:

"3. That after the marriage of the parties they purchased a home which had not been completely paid for at the time of the indicated separation. 4. That the defendant liked to go to the movies taking the plaintiff with him. That the plaintiff thought that because of the indicated indebtedness they should stay at home. 5. That the plaintiff desired the defendant to do a considerable portion of the housework. 6. That the plaintiff was making more money than the defendant and insisted for that reason her decisions in all matters should be final. 7. That the plaintiff is uncompromising that her views should be adopted at all times. 8. That because of the attitude of the plaintiff there was continuous turmoil in the family. 9. That upon the date of the separation testified to, the plaintiff started to the movies with the defendant, but when they reached the movie house and before going in, the plaintiff began a public tirade against the defendant about spending money to go to the movies, which public tirade continued for a considerable

length of time. 10. That the plaintiff and the defendant then returned to their home after which the defendant moved out. 11. That the plaintiff did not ask the defendant to stay, and has since made no effort of any kind or character, directly or indirectly, to induce him to stay."

The court's conclusions of law were as follows:

"1. That the facts stated made it impossible for the parties to live together. 2. That the defendant was, therefore, not guilty of desertion. * * * 3. That under all the circumstances the separation was, legally speaking, a mutual separation."

Accordingly, on August 15, 1939, the court gave final judgment dismissing the complaint.

▆▆▆ It will be noted at once that findings of fact 3, 11 and parts of 9 are directly at variance with plaintiff's undisputed testimony, as reported in the agreed "Statement of Evidence." We think the judgment cannot be supported on this record. It is settled in this jurisdiction, subject perhaps to exceptions which have never been applied,[1] that a husband is guilty of desertion if he lives apart from his wife without her consent[2] unless she is guilty of acts which would justify a divorce.[3] The evidence here is undisputed that plaintiff did not consent to her husband's defection, and a casual glance at the divorce statute[4] will reveal that nothing which plaintiff did would justify a divorce a vinculo, and, unless her quarrelsomeness can be termed "cruelty," her conduct would not furnish grounds for divorce a mensa et thoro. In Hitchcock v. Hitchcock, 1899, 15 App.D.C. 81, 88, the court said: "But neither parsimony, nor indifference, nor dissatisfaction with existing conditions will justify desertion and abandonment of the matrimonial relation." And in Underwood v. Underwood, 1921, 50 App.D.C. 323, 324, 271 F. 553, 554, it was said: "Proof of ill temper on the part of the wife and differences over financial matters are not sufficient to justify the husband in abandoning his wife." We think it clear on the present record that

---

[1] See Hitchcock v. Hitchcock, 1899, 15 App.D.C. 81, 88. It may be noted that the possibility of such exceptions was suggested long before the enactment of the present more liberal divorce statute. Compare D.C.Code (1929) tit. 14, § 63, with D.C.Code (Supp. V) tit. 14, § 63. It is not necessary to decide whether the change in the statute will affect the need for such possible exceptions.

[2] See Parks v. Parks, 1938, 68 App. D.C. 363, 365, 98 F.2d 235.

[3] Hitchcock v. Hitchcock, 1899, 15 App. D.C. 81; Underwood v. Underwood, 1921, 50 App.D.C. 323, 271 F. 553.

[4] D.C.Code (Supp. V) tit. 14, § 63.

there was no "mutual separation," and that defendant was not justified in separating from plaintiff. Since the evidence is clear that plaintiff not only urged her husband to remain with her but also later urged him to return, we need not decide under what circumstances, if at all, a deserted spouse is required to attempt to effect a rapprochement. [5]

The judgment could be sustained only in case the court should find the entire evidence unworthy of belief, but obviously this was not its view since the detailed and specific findings of fact could have been made only with the evidence presented on behalf of the plaintiff as its foundation, despite the inconsistency of the evidence and the findings in vital respects. There was no other foundation for any findings, except that the entire evidence was incapable of credence. If this had been the view of the court, its findings should have so stated, and the complaint should have been dismissed for want of any evidence to show existence of cause for divorce, not, as was done, for the asserted reason that the evidence showed "mutual separation" rather than "desertion."

We are at some loss to understand the discrepancy between the evidence and the findings. But if the evidence was worthy of credence, it was clearly adequate to sustain a finding of desertion by the husband, not one of separation by mutual consent. If it was not worthy of belief, as has been said, the court should have so found. If the statement, which was not submitted to or approved by the court, judicial approval being unnecessary under Rule 75 (h), [6] does not reflect accurately the evidence which was received, the matter will be one for the attention, correction and disposition of the trial court in further proceedings which will be necessary.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[5] Cf. Smithson v. Smithson, 1889, 7 Mackey (18 D.C.) 227; Hitchcock v. Hitchcock, 1899, 15 App.D.C. 81; Underwood v. Underwood, 1921, 50 App.D.C. 323, 271 F. 553.

[6] Fed. Rules Civ.Proc., 28 U.S.C.A. following section 723c.