David SCOTT, Appellant,

v.

Lue Bertha SCOTT, Appellee.

Lue Bertha SCOTT, Appellant,

v.

David SCOTT, Appellee.

Nos. 2076, 2077.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 4, 1957.

Decided Jan. 21, 1958.

John Alexander, Washington, D. C., for appellant in No. 2076 and for appellee in No. 2077.

William A. Smith, Washington, D. C., for appellee in No. 2076 and for appellant in No. 2077.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant brought this action against his wife seeking an absolute divorce on the ground of desertion. She contested the suit and filed a cross-complaint for a limited divorce on the ground of cruelty. On the day of trial the wife did not appear and accordingly her cross-complaint was dismissed. When the husband had rested his case, the wife, who was represented by counsel, moved to dismiss the action. This motion was granted and the husband appealed. A cross-appeal filed in behalf of the wife has been abandoned.

Appellant, a police officer, testified that after seven years of marriage he was forced to leave his wife in October 1954 because of various alleged acts of cruelty on her part. He stated that she "accused

[him] of other women," and demanded that he leave; that she threatened to cause him to lose his job and have him put in jail; that a couple of days prior to the separation she talked to his superior who then called him in and told him that if all that his wife said was true, he "did not have any business being a police officer," and if it was not true, that he should not continue living with her; and that as a result of this conversation he left her.

He also testified that in May 1954 she had accused him of infidelity in the presence of another of his superiors and that she continued making such accusations up to the time of separation. As a result of her threats and charges his work was adversely affected, he was "upset," placed in fear, and lost weight. He denied that there was any truth in her accusations of infidelity.

Appellant's brother testified in his behalf that he had heard the wife make various accusations of infidelity against him. He also disclosed that since the separation of the parties he had observed appellant in the company of another woman on three occasions in a "small club," but that he never saw him with another woman prior to the separation. Two other witnesses testified for appellant but the trial judge found, based on their demeanor on the stand, that their evidence was not credible.

At the close of appellant's case, the judge made certain oral findings and later written findings. He found that the wife did threaten to have appellant jailed. With regard to appellant's testimony as to the effect of his wife's alleged conduct on him, the judge stated that he "just [did not] believe that the witness was telling us what his actual reaction was at that time." He found that the accusation of adultery was made by the wife, but said that he did not "feel as though it was false."

The written findings did not include specifically all of the oral findings. In the written findings the judge repeated his holding that the evidence of the two additional witnesses for appellant was not credible, based on their demeanor on the stand. He referred to the testimony of appellant's brother, that he had seen appellant in the company of another woman after the separation, and found that

> " * * * this testimony was sufficient to show plaintiff's interest in another woman, especially since the plaintiff did not take the witness stand to deny or explain the circumstances."

The judge then held that appellant had not sustained his burden of proof and denied the divorce.

 Appellant's suit is based on the theory of constructive desertion. His position is that his wife's conduct and especially her accusations of infidelity, which he claims to be false, constituted cruelty[1] justifying his departure from the home[2] and making the wife the deserter.[3] It was thus necessary for appellant to show the making of the charges, their falsity, that he was aware of them, that they had a serious effect upon him, and that they were a contributing cause of the separation.[4] Of course, if the party seeking a divorce on this ground is actually guilty of marital infidelity he cannot prevail. In order that the charges may amount to cruelty, they must be made without probable cause or reasonable grounds for belief.[5] However, the proof necessary to show some basis for the accusations need not be such as would constitute proof of adultery; it is sufficient if the person is guilty of such indiscreet conduct as would naturally tend to give rise to such a belief.[6]

It will be noted that if all of appellant's evidence be accepted at full value, he has made out a case entitling him to a divorce.

1. Holt v. Holt, 1935, 64 App.D.C. 280, 77 F.2d 538.

2. See Underwood v. Underwood, 1921, 50 App.D.C. 323, 324, 271 F. 553, 554.

3. See annotation, 19 A.L.R.2d 1430, 1459–1460.

4. Annotation, 143 A.L.R. 623, 630–631.

5. Id. at pages 634–638.

6. Ibid.

The trial judge, however, found in effect that the charges of adultery were true. What this finding was based on is not entirely clear to us. If it was based on 'the testimony that appellant was observed on three occasions after the separation with another woman, we do not believe that it can stand. This evidence related to incidents after the separation; there was no evidence of any incidents prior to the separation on which a reasonable belief might have been grounded. If there was any indication of improper behavior prior to the separation, this evidence would have some value, but standing alone we think it was wholly insufficient to show a basis for the wife's charges.

 If, on the other hand, the lower court's finding rested simply on disbelief of appellant's testimony, this is not clear from the record and other findings. The trial judge has the right to give or refuse credit to a witness's testimony by reason of his demeanor on the stand, and findings grounded on "demeanor evidence" are binding on a court of review which does not have the opportunity of observation that a trial court has.[7] Here, however, there was no specific statement that the crucial finding rests on demeanor evidence, although there are such statements with respect to other evidence in the case. Since we are unable to determine exactly the basis for the court's finding, and because of the possibility that it may have been influenced to a large extent by the court's erroneous view of the evidence that appellant was in the company of another woman after the separation, it is our conclusion that a new trial is required.

The foregoing discussion is equally applicable to the court's holding concerning appellant's claimed reaction to his wife's conduct. Appellee contends that the result is also based on a resolution in her favor of the issues of whether the charges of adultery were made publicly and whether her conduct was condoned by appellant, but the lower court made no findings whatever on these points.

 Error is assigned with respect to certain remarks which the judge made about some of appellant's witnesses while they were testifying. No objection was made at the trial, and the contention is raised for the first time on this appeal that they indicate a bias and prejudgment of the issues on the part of the lower court. The remarks were 'of such a nature as to have been better left unsaid for they were very likely to have had at the least an upsetting effect on the witnesses, and they show some prejudgment of the value of any testimony the witnesses might give thereafter.

Reversed with instructions to award a new trial.

7. See Judge Frank's discussion of the effect of "demeanor evidence" in National

Labor Relations Board v. Dinion Coil Co., 2 Cir., 1952, 201 F.2d 484.