Selma Ann SCHREIBER, Appellant,

v.

David Louis SCHREIBER, Appellee.

No. 2103.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 16, 1957.

Decided March 5, 1958.

Edward J. Skeens, Washington, D. C., for appellant.

Harry S. Klavan, Washington, D. C., entered an appearance for appellee but filed no brief.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an action by a wife for an absolute divorce on the ground of desertion. She sought to prove that by reason of her husband's conduct she was forced to leave him, and that he therefore was guilty of constructive desertion. The case was here once before. We reversed a dismissal of her action and ordered a new trial because of an erroneous ruling relating to the requirement of corroboration.[1] The new trial before another judge also resulted in a dismissal. The trial court found that the evidence showed a picture of marital discord occasioned largely by arguments concerning the husband's failure or inability to attend to business and earn the money necessary to properly support the family. The court further found an incompatibility

1. 134 A.2d 103.

of temperaments with resulting unhappiness on the part of both, but found no evidence of physical abuse by the husband who showed his resentment of the situation by "loud talk at times, by throwing the furniture against the wall, and then by periods of silence." Weighing the testimony "in the light of exaggeration and emotion" of the witnesses, the trial court concluded that the evidence did not establish cruelty which would entitle the wife to a limited divorce on that ground, and consequently did not establish a case of constructive desertion.

On this appeal the first contention is that the trial court was in error in ruling that in order to justify her abandonment of her husband, i. e., to establish his constructive desertion, and thereby establish her case for an absolute divorce on the ground of desertion, it was necessary that she prove the conduct of her husband amounted to such cruelty as would warrant a limited divorce on that ground.[2]

Appellant cites numerous authorities from other jurisdictions to support her contention. For example, in our neighboring state of Maryland, it is the law that "any misconduct of a husband that renders the marital relation intolerable and compels the wife to leave him may justify a divorce on the ground of constructive desertion, even though the misconduct may not justify a divorce on the ground of cruelty." Schwartzman v. Schwartzman, 204 Md. 125, 102 A.2d 810, 813.[3] Appellant states that the question has never been precisely decided in this jurisdiction and urges that we adopt the Maryland rule.

We cannot agree that the question is an open one in this jurisdiction. Nearly sixty years ago, in Hitchcock v. Hitchcock, 15 App.D.C. 81, 88, it was said:

"It has been generally held, although possibly there may be exceptions to the rule, that the misconduct which justifies separation must be such as would justify a divorce, at least a divorce from bed and board."

In Underwood v. Underwood, 50 App.D. C. 323, 324, 271 F. 553, 554, citing the Hitchcock case, it was said:

"It is settled in this jurisdiction that acts justifying desertion must be such as would support a decree for divorce."

See also Helvestine v. Helvestine, 67 App.D.C. 121, 89 F.2d 970, and Miller v. Miller, 72 App.D.C. 348, 114 F.2d 596. Both these cases recognized and approved the ruling in the Hitchcock case. The only expression of doubt concerning the rule, which we have found, is contained in Melvin v. Melvin, 76 U.S.App.D.C. 56, 58, 129 F.2d 39, 41, where it was said:

"Whether or not Underwood v. Underwood was right in holding that acts which are not a cause for a limited divorce cannot justify desertion, they may justify either a denial or an abatement of maintenance."

■■ It will be noted that the expression of doubt was as to the correctness of the rule and not as to its existence. It may be that because of that expression of doubt we would be at liberty to re-examine the question, but we are not inclined to do so. A rule of long standing should not be disturbed in the absence of a strong showing of its unsoundness and injustice. We are not convinced that the rule should be changed, even if we have the power to do so. In this connection, it may be noted that in an action by a wife for maintenance under Code 1951, 16–415, no allegation of cruelty is necessary.[4]

■ Appellant further contends that even if she was required to prove miscon-

---

2. Under our statute, desertion for two years is a ground for absolute divorce, and a limited divorce may be granted for cruelty. Code 1951, 16–403.

3. The authorities in other jurisdictions are not in accord on this question. See Annotation, 19 A.L.R.2d 1428, 1441.

4. Brown v. Brown, 74 App.D.C. 309, 122 F.2d 219.

duct amounting to cruelty, her evidence met this requirement. Although cruelty within the meaning of the statute cannot be defined with exactness and must necessarily depend largely on the circumstances of each case, in Waltenberg v. Waltenberg, 54 App.D.C. 383, 385, 298 F. 842, 844, it was said:

"To bring the case within the statute, it is sufficient if the evidence, in the absence of physical violence, establishes conduct which creates a state of mind which operating upon the physical system produces bodily injury."

The above rule was repeated almost verbatim in Taylor v. Taylor, 62 App.D.C. 316, 67 F.2d 582, and in Kimmell v. Kimmell, 84 U.S.App.D.C. 177, 179, 171 F.2d 340, 342, the rule was again repeated. As a result of these and other decisions, in Moore v. Moore, 86 U.S.App.D.C. 16, 179 F.2d 38, it was said:

"The courts of this jurisdiction have held consistently that under its laws where there is no physical violence a divorce for cruelty will not lie unless the mistreatment has caused injury to the health of the complaining spouse."

█ █ Whether as a result of the conduct of the husband the wife suffered "the requisite impairment of health"[5] was, of course, a question of fact. The trial court stated it was not satisfied by the evidence that the wife's health was affected by the husband's conduct. A careful reading of the record convinces us that the evidence permitted this conclusion by the trial judge.

Affirmed.

5. Kimmell v. Kimmell, 84 U.S.App.D.C. 177, 179, 171 F.2d 340, 342.