**Ernest C. SIMMONS, Appellant,**

v.

**Elsie E. SIMMONS and John Green, Appellees.**

**No. 2130.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 3, 1958.

Decided March 31, 1958.

Stanley Klavan, Washington, D. C., with whom Joseph D. DiLeo, Washington, D. C., was on the brief, for appellant.

Arthur A. Birney, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant husband brought this action against his wife seeking an absolute divorce on the ground of adultery, naming a co-respondent who was joined as a defendant. The suit was contested and the wife filed a cross-complaint for a limited divorce on the ground of cruelty. At the conclusion of the case the trial judge made certain oral findings and later written findings. In the judgment filed October 28, 1957, the court, among other things, found:

"2. The defendant and the co-respondent did not commit an act of adultery as alleged in the complaint.

"3. The plaintiff, having falsely charged the defendant with adultery, is guilty of cruelty toward the [defendant];"

dismissed the complaint, and granted the wife a limited divorce on the ground of cruelty.

In appealing appellant concedes that the court committed no appealable error in failing to find in his favor, in view of the factual questions presented, but contends that in the absence of a finding that the charge of adultery set forth in the complaint was made maliciously and without any reasonable cause or justification, there was not a sufficient basis for the granting of a limited divorce on the ground of cruelty.

In his oral findings the trial judge stated:

"In order to find these two, the defendant and the co-respondent, guilty of adultery, the evidence has to be clear and convincing. I have a very grave suspicion that these people were guilty of adultery, but the evidence, to my mind, is not at all clear and convincing. There are so many discrepancies in Mr. Jones' [a private detective] testimony and in the testimony of the plaintiff. Not a great number, but I just can't bring myself to believe that this is a case where the evidence is clear and convincing."

From the court's statements it is evident that the charge of adultery alleged in the complaint was neither maliciously made nor without probable cause or justification and therefore did not constitute the requisite cruelty to justify a divorce on that ground. As this court recently said:

"* * * In order that the charges [of adultery] may amount to cruelty, they must be made without probable cause or reasonable grounds for belief. However, the proof necessary to show some basis for the accusations need not be such as would constitute proof of adultery; it is sufficient if the person is guilty of such indiscreet conduct as would naturally tend to give rise to such a belief."[1]

1. Scott v. Scott, D.C.Mun.App.1958, 137 A.2d 722, 724.

However, in this case there was testimony by the wife, which was denied by appellant, that he assaulted her on one occasion and that she called the police and had him removed from her apartment; that he refused to copulate with her, and had failed to provide for her and their child's support. In other words, her evidence tended to show that appellant had been abusive and neglectful. The trial judge made no finding or determination on this evidence, and therefore we remand the case with instructions that a specific finding of fact be made with regard to her charges of cruelty, disregarding the allegation of infidelity made by appellant in the complaint; otherwise the finding and judgment of the trial court in her favor on the ground of cruelty cannot stand.

Reversed and remanded for further action in accordance with this opinion.