**Samuel L. FEATHERSTONE, Appellant,**

v.

**Eleanor B. FEATHERSTONE, Appellee.**

**No. 2714.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 20, 1961.

Decided April 17, 1961.

Jackson Brodsky, Kensington, Md., for appellant.

Thomas B. Lawrence, Washington, D. C., entered an appearance for appellee, but filed no brief.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellant husband filed a complaint for absolute divorce on the ground of desertion for two years. The wife did not appear at trial but was represented by counsel. According to the record, the parties were married in 1935 and are the parents of four children, two of whom are now adults. Appellant testified that after appellee returned home from Saint Elizabeths Hospital in May 1958, he asked her several times "about staying together." She informed him that she did not want to live with him any longer and wished he would "get out of the house." At her insistence and against his own consent, appellant left the house. On June 3, 1960, a property settlement agreement was signed by the parties, and three weeks later appellant brought this action. Appellant's testimony was corroborated in part by his brother-in-law.

At the conclusion of the evidence, the trial court dismissed the complaint, holding that appellant had failed to establish grounds for an absolute divorce and that

the cessation of cohabitation between the parties constituted a voluntary separation. In short, the court held that appellant had failed to sustain the burden of proving desertion.

As we stated in Shirley v. Shirley, D.C.Mun.App.1958, 138 A.2d 392:

"* * * the elements of the offense of desertion are a voluntary intentional abandonment of one party by the other, without cause or justification and without the consent of the party abandoned. Plainly appellant's evidence here falls short of these requirements in two respects: there was no showing that he was himself without fault or that he did not consent to the separation. * * *"

After examining the entire record, there is no doubt in our minds that the evidence permitted the action taken by the trial judge.

Affirmed.