Ruth Willis **POTTS**, Appellant,

v.

John Hartley **POTTS**, Appellee.

No. 2734.

Municipal Court of Appeals for the District of Columbia.

Argued March 27, 1961.

Decided June 12, 1961.

Wesley E. McDonald, Washington, D. C., for appellant.

Charles R. Richey, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

This appeal is by a wife from a judgment dismissing her complaint for a divorce on the ground of constructive desertion.

The substance of the wife's testimony was that she and appellee were married in November 1955 and in May 1956 he began to drink heavily and regularly; that when drinking he was loud and boisterous and kept the television on at night; that he was vile and rough and at times threatened to strike her; that because of her husband's conduct she was not able to sleep at night and often had to leave the apartment and go to a friend's home in order to obtain sleep; that she became extremely nervous and was forced to regularly see a doctor who prescribed medication for her; that one morning in June 1957, at about three o'clock, her husband called a cab in order to get more whiskey and "made everything so bad" that she left the apartment and went to her friend's home and never returned to appellee.

Almost at the beginning of the trial the court remarked that "alcoholism is no longer a cause for a divorce"; and at the conclusion of the wife's testimony, the court said: "I don't think there is any need of going any further. * * * Now, Congress repealed the proviso that a legal separation from bed and board may be granted for drunkenness. So, any ground that this lady has for her feeling towards her husband is a result of the drunkenness on the husband's part. I can't give her a divorce."

It was error to dismiss appellant's complaint. While drunkenness is no longer a ground for a limited divorce (legal separation), cruelty is;[1] and cruelty which would justify a limited divorce will justify a spouse in leaving the other and thereby make the other guilty of constructive desertion.[2] There is no legal distinction between cruelty resulting from excessive drinking and cruelty which is the outgrowth of a naturally mean disposition. In either case if the cruelty causes injury to the health of the complaining spouse, he or she is justified in leaving the other.

Reversed with instructions to grant a new trial.

1. Code 1951, § 16–403.

2. See Schreiber v. Schreiber, D.C.Mun. App., 139 A.2d 278.