Wanda NOVAK, Appellant,

v.

George J. NOVAK, Appellee.

No. 3205.

District of Columbia Court of Appeals.

Argued April 1, 1963.

Decided April 19, 1963.

Rehearing Denied May 7, 1963.

Rawls S. Jensen, East Riverdale, Md., for appellant.

George J. Novak, appellee, pro se.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

PER CURIAM.

A wife appeals from an order dismissing her action for support, brought under the Uniform Support Act, Code, § 11-1601 et seq. The proceeding was commenced in New York, where the wife was living, and in accordance with statutory procedures was transmitted to the Domestic Relations Branch of the court below, the husband being a resident of this jurisdiction. After appointment of counsel for the wife and the issuance of a show cause order, the case came on for trial.

The wife testified that the parties were married in May, 1959, in New York and that

"* * * defendant had compelled her to enroll and to attend a local university, and to use for that purpose savings that she had earned prior to the marriage; that in February, 1960, when those savings were exhausted defendant, against plaintiff's will, sent her back to her parents in New York."

She testified that she is not employed and has no income, and that except for earnings from temporary clerical jobs—and small earlier contributions by the husband when they lived together—her parents have supported her and sent her to college. She "anticipated graduation from Hunter College in June, 1962, with a degree in economics, and expressed plans to do graduate work in this field inasmuch as her job prospects and earning potential would be greatly increased."

Called as a witness by plaintiff's counsel, defendant testified that he lives in the District of Columbia, that he has a Ph.D degree in economics and has no dependents other than his wife. His answers as to his earnings and financial status were vague and

268

unsatisfactory, as appears from the following recitals in the statement of evidence:

"In answer to questions as to his employment and income, defendant testified that he had no regular employer, place of employment or specified salary, but that he was self-employed. Defendant stated that he did not know the amount of his present income and refused to give an estimate. Asked the amount of income that he declared on his 1961 Federal income tax return, he again stated that he did not know. Further questions and appeals to the Bench by counsel finally produced from defendant an estimate of 'between $3,000 and $6,000' declared as income in 1961.

"In reply to questions as to defendant's living expenses and requirements for food, clothing, medical and personal needs, defendant declared he did not know, and despite extensive questioning on this point, counsel was unable to elicit an estimate or approximation of that amount."

Continuing his testimony in his own behalf, the husband said:

"That he had not ordered or compelled plaintiff to depart from the marital abode; that plaintiff had some mysterious source of income; that plaintiff was extravagant; and after her departure she had purchased and [sic] expensive $25,000 house in New York and had filled it with costly furnishings."

The wife denied this statement and said the house had been bought by her parents.

In announcing his decision to dismiss the action the trial judge stated that he "did not think that a case had been made for plaintiff inasmuch as defendant was under no duty or obligation to subsidize plaintiff's education, and that plaintiff could obtain employment and support herself." And later, in denying the wife's motion for reconsideration, the judge held that there was no evidence to show why she could

not obtain employment and support herself, and concluded that she had "failed to establish the element of need or necessity for an allowance for separate maintenance. * * *"

We must hold that the trial judge used an erroneous approach in deciding this case. Plaintiff was not asking that her husband be required to subsidize her education; she was merely asking that he be required to support her. And such was his duty, in the absence of proof that the separation was due to her misconduct. Johnson v. Johnson, D.C.Mun.App., 179 A. 2d 720; Lutz v. Lutz, D.C.Mun.App., 166 A.2d 489. And even when misconduct by the wife is established, she may still be entitled to an award, though in a lesser amount than would otherwise be awarded. Miller v. Miller, D.C.Mun.App., 180 A.2d 888.

We think it was wrong to hold that the wife failed to establish need of support. She had no income of her own and was depending entirely on her parents for food and shelter. This established need, and was not altered (except perhaps as to the extent of the need) by the fact that she had a potential earning capacity. This case is not like those where a wife has ample funds of her own from which she is able to support herself. Foley v. Foley, D.C.Mun.App., 184 A.2d 853. When support orders are denied in those cases, it is because the need factor is not present.

It must be said that the evidence as to the husband's financial status was left in a highly confused and unsatisfactory state, and this should be avoided when the case is tried again. In accordance with established practice, there should be a full inquiry into the financial status of both parties. The husband should be required to make full, detailed and accurate disclosure of his assets and income.

Reversed, with instructions to award a new trial.