Joseph M. STEPHENSON, Appellant,

v.

Versitee STEPHENSON, Appellee.

No. 3203.

District of Columbia Court of Appeals.

Argued April 29, 1963.

Decided May 28, 1963.

---

11. Perpente v. Moss, 293 N.Y. 325, 56 N.E.2d 726 (1944).

Jean M. Boardman, Washington, D. C., for appellant.

James S. Gardiner, Washington, D. C., for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired), sitting by designation under Code § 11–776(b).

MYERS, Associate Judge.

Appellant filed suit for absolute divorce on the ground of his wife's desertion. Title 16–403, D.C.Code 1961. She denied the charge, counterclaiming for divorce for his constructive desertion and alleging his cruelty had forced her to leave. At the trial each party was supported by three witnesses. At the conclusion of the hearing, the trial judge ruled that, "[t]he effect of all the testimony was such as to render the court unable to determine the truth or falsity of the conflicting claims," and dismissed both the complaint and the counterclaim for failure of both parties to carry the burden of their respective charges. Only the husband has appealed.

He argues that as the wife had failed to substantiate her counterclaim, it follows *a fortiori* that he was entitled to a judgment for absolute divorce because she admitted leaving the marital abode. We find this contention to be without merit.

Both husband and wife sought affirmative relief in divorce on the same statutory ground, each claiming to be the deserted party and each denying any responsibility for the separation and any intent to abandon the other. Accordingly, each had the burden of establishing that he or she was deserted without justification and without consent.[1] That burden is not carried by the failure of one party to prove desertion against the other, nor does such failure automatically entitle the other litigant to a divorce on that ground. Each must stand or fall upon the proof of his or her own case.

Here the evidence of the husband and wife is in hopeless conflict and confusion and difficult, if not impossible, to reconcile. It would serve no useful purpose to elaborate on it here. Whether the evidence established the essential elements of desertion was a factual determination to be made by the trial judge, and he was in a better position than we are to evaluate the testimony and credibility of the parties and their witnesses. We find nothing to indicate his conclusions were erroneous as a matter of law.

The admissions of both counsel at the end of the trial that neither party objected to the other's obtaining a divorce on the ground of desertion did not lend strength to the proof of either side. It was apparently of little importance to the parties which one prevailed, but willingness of the parties to have the bonds of matrimony severed is not a substitute for the evidentiary showing required to establish the statutory grounds upon which a judgment must rest. Though neither the husband nor the wife had any desire to further live together in a marital relationship, dissolution of their marriage must be accomplished upon proper statutory grounds. The much-quoted phrase that the 1935 amendments to the Code were designed to permit "termination in law of certain marriages which have ceased to exist in fact" was not intended to enunciate a lessened standard of proof required to sustain a divorce on one of the statutory grounds.[2]

We cannot say that the trial judge was manifestly wrong in ruling that neither party had proved that the other was the deserting spouse or that he was required to reach a decision favoring one side or the other.

Affirmed.

1. Schreiber v. Schreiber, D.C.Mun.App., 139 A.2d 278; Shirley v. Shirley, D.C. Mun.App., 138 A.2d 392; Marcey v. Marcey, D.C.Mun.App., 130 A.2d 918.

2. Martin v. Martin, 82 U.S.App.D.C. 40, 160 F.2d 20.