Janice R. SANDWICK, Appellant,

v.

Luther Martin SANDWICK, Appellee.

No. 3555.

District of Columbia Court of Appeals.

Argued Nov. 2, 1964.

Decided Feb. 8, 1965.

John Wattawa, Washington, D. C., for appellant.

Matthew A. Kane, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

This appeal is by a wife from a judgment denying her a limited divorce for cruelty, alimony, and attorney's fee.

The parties, both of mature age and both having been previously married, were married on September 30, 1963, and separated almost exactly three months later. The wife's claim of cruelty relates to the husband's excessive drinking and use of profane and vulgar language. No claim of physical cruelty is made. The trial court found that the alleged acts of cruelty did not impair the health of the wife. It has long been the rule in this jurisdiction that in the absence of physical violence, a divorce for cruelty will not be granted unless the claimed acts of cruelty cause injury to the health of the complaining spouse.[1]

The testimony of the husband was that he was 65 years of age, in debt and without funds or assets of any kind, without employment, and with no prospect of any immediate employment. On the basis of this testimony, the trial court was

1. See Schreiber v. Schreiber, D.C.Mun.App., 139 A.2d 278 (1958), and cases there cited.

well within its discretion in denying maintenance or attorney's fee.[2]

 The wife complains that the trial court made no specific finding on the question of its jurisdiction to hear the action. We think such a finding is implicit in the other findings.

The wife also complains that the trial court by its attitude, remarks and questions during the trial, denied to her a fair and impartial trial. Some of the court's remarks and questions do not meet with our approval, but we cannot conclude that they deprived appellant of a fair trial.

Affirmed.

2. Although the court in its oral findings stated it would deny both maintenance and attorney's fee, the judgment, as entered, recites that appellant's request for these two items "is deferred to future date." The meaning of this is not clear. If the court intended that the wife could at some future time make a new application upon showing a change in the husband's financial condition, the ruling was favorable to the wife and she cannot complain. As the husband did not cross-appeal he cannot question the form of the order.