Ethel Seaton HALES, Appellant,

v.

David E. HALES, Appellee.

No. 3570.

District of Columbia Court of Appeals.

Argued Jan. 25, 1965.

Decided March 11, 1965.

Orie Seltzer, Washington, D. C., with whom Theodore E. Breault, Washington, D. C., was on the brief, for appellant.

Stanley Klavan, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

As a culmination of several days of argument and bickering, appellant-wife, in the absence of her husband (appellee), secured the locks to their home so he could not re-enter. She allegedly did so on the advice of counsel and because she feared he was about to consummate his threat to remove half the furniture. When the husband could not gain admittance to the house, he made no attempt to force entry but merely departed. Since these events in January 1961 neither party has seen the other, although they have had brief telephone conversations. The wife during the interim indicated to appellee a desire to effect a reconciliation, but he evidenced no interest in returning to the marital home or resuming their life together. Prior to the ultimate separation of the parties similar incidents had taken place during their married life, but each separation had been followed by a reconciliation.

In February 1963 the husband brought suit in the Domestic Relations Branch of the District of Columbia Court of General Sessions seeking an absolute divorce on the ground of the wife's constructive desertion. After a hearing the trial judge found that the wife lacked sufficient cause or excuse for locking the husband out of the marital abode, that he was justified in leaving after being locked out, and that the parties had lived continuously separate and apart without cohabitation for more than two years. The trial judge granted to the husband an absolute divorce for constructive desertion, partitioned the personalty and certain real property held by the parties as tenants by the entireties, and refused the wife maintenance and counsel fees. This appeal followed.

■ Desertion contemplates a voluntary separation of one party from the other, without justification, an intention not to return, and the absence of consent or connivance of the other party. Desertion as a ground for divorce has been broadened in this jurisdiction to include "constructive" desertion. 16 D.C.Code 1961, § 904(a) (2) (Supp. IV 1965); Stephenson v. Stephenson, D.C.App., 191 A.2d 248 (1963); Scott v. Scott, D.C.Mun.App., 137 A.2d 722 (1958); Marcey v. Marcey, D.C.Mun.App., 130 A.2d 918 (1957); Annot., 19 A.L.R.2d 1430, 1459–60. For the desertion to be "constructive" in character, one spouse must show misconduct by the other spouse forcing the former to abandon the marital

abode. If such misconduct is shown the spouse remaining in the marital abode is treated, in the eyes of the law, as the deserter. Cruelty arising from physical abuse, false accusations of infidelity or unchastity, open and notorious adultery with a third person or other acts which affect and impair the health and make life together intolerable are examples of misconduct justifying one spouse in leaving. Ill temper, financial differences, and denial of sexual intercourse, on the other hand, are examples of conduct insufficient to justify abandoning the marital abode. Acts justifying abandonment must be such as would support a decree for divorce. Schreiber v. Schreiber, D.C.Mun.App., 139 A.2d 278 (1958); Underwood v. Underwood, 50 App. D.C. 323, 271 F. 553 (1921); Hitchcock v. Hitchcock, 15 App.D.C. 81 (1899). Where the other spouse has not procured, consented to or connived in the separation, there is no obligation to solicit the return of the departed spouse, particularly if such efforts would be unavailing.

The record in the case before us does not support a finding of constructive desertion by the wife. When the husband found the doors secured against his entry, he decided he had had enough of the marriage, was going to leave and not return. This decision, followed by his failure to make any effort to reconcile with the wife despite her overtures to him or to return to the marital abode, clearly shows a voluntary acquiescence in the separation. By acceding to the locked doors and for two years or more continuing to live separate and apart without cohabitation, the husband, in effect, consented to the separation. The evidence as a whole does not support a voluntary intentional abandonment of one party by the other, without justification, and *without the consent* of the party forsaken. The husband's consent to the separation made it voluntary, and voluntary separation and desertion cannot co-exist. Pratt v. Pratt, 99 U.S.App.D.C. 401, 402, 240 F.2d 639, 640 (1957). Absent proof establishing a wilful desertion continuing for two years, the initial locking of the doors against the husband was insufficient to entitle the husband to a divorce for desertion since the nature of the separation at its inception is not determinative of its continuing character. Martin v. Martin, 82 U.S.App.D.C. 40, 41, 160 F.2d 20, 21 (1947). Accordingly, we hold that the absolute divorce granted to the husband on the basis of the wife's alleged constructive desertion must be reversed for failure to establish the essential elements.

While the decree of divorce in this case must be reversed, there is no doubt from the record that both parties consented to the determination of their individual interests in personal and real property. No hard and fast rule or mathematical formula can be applied in adjudicating property rights. Each case must be decided upon its own merits. Mitchell v. Mitchell, D.C.App., 194 A.2d 828, 830 (1963); Verges v. Verges, D.C.App., 193 A.2d 208, 209 (1963). Appellant's objection is that she was allotted only 55% of the improved realty in the District of Columbia. She makes no objection to the award to her of all the furniture and furnishings in the house, the division of the two automobiles and the savings and checking accounts. As the trial judge had power to partition the property in the exercise of a broad discretion vested in him for that purpose and the record does not reveal any abuse, we cannot say that the division of the realty was improper.

The wife claims that the trial judge's refusal to award her maintenance and support was erroneous. The trial judge considered the various factors incident to the wife's need for support and maintenance and specifically found that her income was sufficient without contribution from the husband. This finding has support in the record and provides no basis for reversal.

Finally, the wife complains of the failure of the trial judge to award her counsel fees. In view of the wide discre-

tion in the trial judge to award or deny counsel fees in the domestic relations field, that portion of the final judgment requiring that each party should pay his and her own attorney for services rendered was properly entered and we are without authority to disturb it since no showing of abuse has been made. Yancey v. Yancey, D.C.Mun. App., 184 A.2d 36 (1962).

That portion of the judgment awarding appellee an absolute divorce is reversed; that portion of the judgment dividing the property and denying appellant support, maintenance and counsel fees is affirmed.