George J. NOVAK, Appellant,

v.

Wanda Balitsch NOVAK, Appellee.

No. 3682.

District of Columbia Court of Appeals.

Argued April 19, 1965.

Decided July 8, 1965.

George J. Novak, pro se.

Rawls S. Jensen, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

The parties to this appeal were married in May 1959 and lived together in the District of Columbia until January 1960 when appellee-wife went to stay with her parents in New York. Appellant accompanied her there but returned to the District to live. Thereafter they intermittently visited together, both in New York and in the District of Columbia, on which occasions they engaged in sexual intercourse. All marital association ceased during the summer of 1961 and on August 4, 1964, appellant filed suit in the Domestic Relations Branch of the District of Columbia Court of General Sessions to have a support decree set aside for fraud in its procurement[1] and for an absolute divorce on the ground of appellee's alleged two years' desertion.[2] From a dismissal of these actions after a hearing, this appeal followed.

Appellant predicates his charge of fraud in the procurement of the maintenance award of 1963 on the assertion that

1. No appeal was taken from this judgment which was entered December 6, 1963.

2. During the period of their separation the parties have twice before been before this court: in 1963 when we re-versed a judgment adverse to the wife in an action under the Uniform Reciprocal Enforcement of Support Act (Novak v. Novak, D.C.App., 190 A.2d 266 (1963)) and in 1965 when we affirmed a judg-

his wife committed perjury in the 1963 trial. We need not here determine whether her testimony was false, for, even if it were, perjured testimony during the course of a trial is not the type of fraud sufficient to vacate a judgment. Public policy demands that there be an end to litigation and that final judgments not be put aside for "intrinsic fraud" as alleged here. Unger v. Unger, D.C.Mun.App., 174 A.2d 84, 85 (1961); Dowdy v. Hawfield, 88 U.S.App. D.C. 241, 189 F.2d 637 (1951), cert. denied, 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628. The trial judge was, therefore, correct in dismissing the count wherein appellant sought to vacate the maintenance award for alleged fraud in its procurement.

 The trial court was also correct in dismissing appellant's complaint for divorce on the ground of appellee's desertion. In order to establish desertion, it must be shown that there was "a voluntary intentional abandonment of one party by the other, without cause or justification and without the consent of the party abandoned." Shirley v. Shirley, D.C.Mun.App., 138 A.2d 392 (1958). See also Hales v. Hales, D.C.App., 207 A.2d 657 (1965); Stephenson v. Stephenson, D.C.App., 191 A.2d 248 (1963); Featherstone v. Featherstone, D.C. Mun.App., 169 A.2d 686 (1961). In the present case the record reveals that the husband consented to—if, in fact, he did not compel—his wife's departure from the marital abode to live with her parents in New York. Their continued, although intermittent, cohabitation for over a year after the wife moved to New York can be construed only as indicating the husband's initial consent to or condonation of the separation. Marshall v. Marshall, 55 App. D.C. 173, 3 F.2d 344 (1925). The trial judge specifically ruled that appellant failed to prove any subsequent desertion on the part of appellee. This was a factual determination made by the trial judge adverse to appellant based on the evidence and the demeanor of the witnesses before him. As

ment denying appellant's motion for modification or vacation of the support order

the trial court's finding that "there was no subsequent desertion" by appellee has support in the record, it cannot be disturbed upon appeal.

We have considered the other assignments of error and find them to be without merit.

Affirmed.

(Novak v. Novak, D.C.App., 208 A.2d 726 (1965)).