**William D. WOODSON, Appellant,**

v.

**Ruby WOODSON, Appellee.**

**No. 4516.**

District of Columbia Court of Appeals.

Argued March 10, 1969.

Decided Aug. 7, 1969.

---

Dorsey Evans, Washington, D. C., for appellant.

Jerry L. Hunter, Washington, D. C., with whom Dovey J. Roundtree, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

HOOD, Chief Judge:

Appellant-husband appeals the granting of an absolute divorce to his wife on the grounds of desertion for more than one year, and the denial of his counterclaim for an absolute divorce on the grounds of voluntary separation for more than one year.

The parties were married on December 22, 1956 and separated on August 1, 1957. One child was born during the marriage. The wife testified at trial that her husband left her after seven months of marriage taking his personal belongings with him; that she did nothing to cause him to leave; and that she did not know why he left and did not want him to leave. The parties were unable to reconcile the marriage, and the present action was instituted in 1966.

In awarding the wife an absolute divorce, the lower court found as a fact that the husband had deserted his wife. It is the husband's argument that this finding is not supported by the evidence, and that the separation was voluntary at its inception, or that it developed into a voluntary separation by the acquiescence and silence of the wife. The husband further argues that the wife made no showing of a continued desire to resume the marital relationship during the period of their separation.

 It is well settled that desertion as grounds for a divorce "contemplates a voluntary separation of one party from the other, without justification, an intention not to return, and the absence of consent or connivance of the other party." McEachnie v. McEachnie, D.C.App., 216 A.2d 169, 170 (1966). Consent by the abandoned party which would prevent a separation from constituting desertion is a question of fact, and is dependent upon the conduct of the parties.[1] However, such consent "must be found in some affirmative conduct by the complainant amounting to participation in the conduct of the opposite spouse; silent acquiescence is not sufficient." Marcey v. Marcey, D.C.Mun.App., 130 A.2d 918, 919 (1957). Nor is the deserted spouse under any duty to attempt to end the separation in order to obtain a divorce.[2] We are satisfied from the record that there is sufficient evidence to support the trial court's finding that the husband deserted his wife.

 The husband also claims that the trial court erred in ordering him to pay $250 for his wife's counsel fees where the wife's salary was nearly equal to his own salary. The trial judge has a wide discretion to award or deny counsel fees in domestic relations cases,[3] and we find no abuse of discretion in the present case.

The other errors asserted by the husband have been considered and are found to be without merit.

Affirmed.

1. McEachnie v. McEachnie, *supra*; Stephenson v. Stephenson, D.C.App., 191 A. 2d 248 (1963); Marcey v. Marcey, D.C. Mun.App., 130 A.2d 918 (1957).

2. Parks v. Parks, 73 App.D.C. 93, 116 F.2d 556 (1940); Underwood v. Underwood, 50 App.D.C. 323, 271 F. 553 (1921); Hales v. Hales, D.C.App., 207 A.2d 657 (1965).

3. Mozick v. Mozick, D.C.App., 245 A.2d 643 (1968).