**Reuben W. MOORE, Jr., Appellant,**

v.

**Sidney H. MOORE, Appellee.**

**No. 13099.**

District of Columbia Court of Appeals.

Argued Nov. 9, 1978.

Decided Feb. 15, 1979.

---

6. In light of our holding on this issue, we need not reach the other issues raised by the parties to this appeal.

Thomas Fortune Fay, Chevy Chase, Md., for appellant.

Pamela B. Dulles, Washington, D. C., with whom Elizabeth Guhring, Washington, D. C., was on the brief, for appellee.

Before NEWMAN, Chief Judge, and HARRIS and MACK, Associate Judges.

PER CURIAM:

Appellant seeks reversal of a decree of absolute divorce entered on the grounds of constructive desertion continuing for more than one year. He contends that the evidence is not sufficient to sustain the decree. We agree, vacate the decree of divorce, and remand the case with instructions that a decree of divorce be entered under the District of Columbia Marriage and Divorce Act of 1977.

The parties were married in 1968 and lived in the District of Columbia from that time as husband and wife. In the autumn of 1975 Mrs. Moore began to have suspicions concerning her husband's extra-marital activities. Sometime thereafter he told her that, in fact, he was seeing other women. On December 23, 1975, Mrs. Moore left the marital abode.

On January 18, 1977, Mrs. Moore filed a complaint for absolute divorce in the District of Columbia alleging grounds of constructive desertion. The matter came to trial on October 11, 1977. At trial the following testimony was presented concerning Mr. Moore's alleged adulterous conduct:

Testimony that appellant and the parties' daughter, along with a woman identified as Bobbie, were in a canoe when it overturned;

Mrs. Moore's testimony that, after she learned of Bobbie's existence, Mr. Moore stated that he had had sexual relations with Bobbie, that he intended to continue seeing Bobbie, and that he was seeing other women as well;

Mrs. Moore's testimony that Mr. Moore did not come home on approximately six occasions;

Mr. Moore's testimony that, before her departure, he had told his wife he was seeing another woman, that he did not know what to do about the relationship, but that he did not refuse to terminate it;

Mr. Moore's testimony that he had sexual relations with Bobbie (although it is only Mrs. Moore's testimony that pictured this as occurring prior to her departure from the marital abode);

Evidence that Mr. Moore invoked his Fifth Amendment privilege against self-incrimination concerning his relations with other women at two separate hearings.[1]

On December 8, 1977, the trial court entered a decree of divorce on the grounds of constructive desertion for a period of more than one year. Mr. Moore's appeal followed.

■ D.C.Code 1973, § 16–904(a), prior to its amendment by the District of Columbia Marriage and Divorce Act of 1977, D.C.Law 1–107, stated that "A divorce from the bond of marriage or a legal separation from bed and board may be granted for . . . actual or constructive desertion for one year . . . ." To prove constructive desertion, one spouse "must show misconduct by the other spouse forcing the former to abandon the marital abode." *Hales v. Hales,* D.C.App., 207 A.2d 657, 658–59 (1965). "Acts justifying abandonment must be such as would support a decree for divorce." *Id.* at 659; *Schreiber v. Schreiber,* D.C.Mun.App., 139 A.2d 278, 279 (1958); *Underwood v. Underwood,* 50 App.D.C. 323, 324, 271 F. 553, 554 (1921); *Hitchcock v. Hitchcock,* 15 App.D.C. 81, 88–89 (1899). Among the examples of misconduct justifying one spouse in leaving is included *"open and notorious* adultery with a third person." *Hales v. Hales, supra* at 659 (emphasis added). "In this jurisdiction it is well settled that adultery must be proved by *clear and convincing* evidence. Mere circumstances of suspicion are insufficient to sustain the charge." *Beckwith v. Beckwith,* D.C.App., 379 A.2d 955, 961 (1977), *cert. denied,* 436 U.S. 907, 98 S.Ct. 2239, 56 L.Ed.2d 405 (1978) (emphasis added); *Snyder v. Snyder,* D.C.App., 222 A.2d 850, 851 (1966); *Stephenson v. Stephenson,* D.C.App., 221 A.2d 917, 918 (1966). Confessions of adultery "must be well established, direct, certain, free from suspicion of collusion, and *corroborated by independent facts and circumstances." Hagans v. Hagans,* D.C.App., 215 A.2d 842, 844 (1966) (emphasis added) (footnote omitted). It was incumbent upon appellee to prove "open and notorious adultery" by "clear and convincing evidence."

■ Tested by these standards, the proof in this case is insufficient. There is no evidence of "open and notorious" conduct, meretricious or otherwise. In summary, the evidence essentially consists of an ad-

---

1. Appellant contends that the court erred in permitting evidence to be introduced of his exercise of his Fifth Amendment rights. We need not resolve this issue, for even assuming no error, there was still insufficient evidence to sustain the decree.

mission by a husband that he had sexual relations with a woman who had once been in a canoe where both he and his daughter were present. This is not the type of "clear and convincing evidence" of "open and notorious adultery" required by our decisions.

Under the provisions of the District of Columbia Marriage and Divorce Act of 1977, enacted on April 7, 1977,[2] "A divorce from the bonds of marriage may be granted if . . . (2) both parties to the marriage have lived separate and apart without cohabitation for a period of one year next preceding the commencement of the action." D.C.Code 1978 Supp., § 16–904(a)(2). The Act also provides that one of the parties to the marriage must have been a *bona fide* resident of the District of Columbia for the six months preceding filing the action. D.C.Code 1978 Supp., § 16–902.

 The courts of this jurisdiction have long held that when the legislature liberalizes the law pertaining to divorce, and the legislation is silent on retroactivity, a divorce may be granted for grounds, created by that law, maturing both before and after that law's effective date.[3] *Tipping v. Tipping,* 65 U.S.App.D.C. 222, 224–25, 82 F.2d 828, 830–31 (1936). *See generally* Green and Long, *The Real and Illusory Changes of the 1977 Marriage and Divorce Act,* 27

Cath.U.L.Rev. 469, 506–08 (1978). On at least one prior occasion, we have remanded an action brought under the pre-1977 statute to be considered under the present statute. *Williams v. Williams,* D.C.App., 378 A.2d 668, 670 (1977). In the case at bar, appellant had counterclaimed for divorce, alleging one year's separation, a ground provided in the new statute. D.C.Code 1978 Supp., § 16–904(a)(2).

The findings of the trial court indicate that the parties to the marriage have lived separate and apart without cohabitation for a period of one year next preceding the commencement of the legal action and that Mr. Moore was a resident of the District of Columbia for at least six months preceding commencement of the legal action. Since the requirements of §§ 16–902 and –904(a)(2) have been met, we remand the case and instruct the trial court to enter a decree of divorce under the current law.[4]

*Decree vacated, and the case remanded with instructions.*

---

**2.** The statute became effective after the complaint was filed but before the matter came to trial.

**3.** We express no view as to the effect of the new law on grounds for divorce under the old law in actions filed prior to and pending on the date the new law became effective.

**4.** Appellant candidly conceded at oral argument that his challenge to the decree of divorce is a vehicle to upset the award of attorney's fees, etc. which appellee received. He acknowledged his interest in having the bonds of

matrimony dissolved. He is mistaken in his belief that if his wife is unsuccessful in her action for divorce, the court could not award attorney's fees to her. *See Jacobson v. Jacobson,* D.C.App., 277 A.2d 280, 284 (1971); *Ritz v. Ritz,* D.C.App., 197 A.2d 155, 157 (1964); *Myers v. Myers,* 55 App.D.C. 224, 225, 4 F.2d 300, 301 (1925).

In this appeal, he does not *directly* challenge the award of attorney's fees. Hence, we have no occasion to disturb that portion of the trial court's ruling.