Clarence T. RUTHERFORD, Appellant,

v.

Evelyn S. RUTHERFORD, Appellee.

No. 3168.

District of Columbia Court of Appeals.

Argued Feb. 18, 1963.

Decided March 21, 1963.

—◆—

Maurice A. Guervitz, Washington, D. C., for appellant.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellee wife sued appellant husband in the Domestic Relations Branch for separate maintenance. Code 1961, § 16–415. From a final judgment in her favor, the husband has appealed.

Although a number of errors are claimed by appellant, his primary contention is that there was an abuse of discretion by the trial court in awarding any maintenance to the wife.

■ We have examined the record. Although there is conflict in the testimony respecting the wife's reasonable needs in the light of her earning capacity, the economic position of both parties in the community, their assets and liabilities, the husband's ability to contribute to the support of the wife, the adequacy of any support given by the husband since he left the marital abode without justification, and various other factors in the relationship and activities of the parties, we find sufficient competent evidence to support the findings and judgment of the trial court in granting separate maintenance.

■ We have frequently in recent opinions called attention to the broad discretionary power vested in the trial court under the code section providing for award of maintenance to a wife when the husband fails or refuses to support her if she has the need thereof and he has the ability to pay. The statute does not compel an award but a judgment of maintenance will not be disturbed except upon a clear showing of abuse. Various factors enter into the final determination of maintenance and the amount is elastic. If the trial court finds that a wife has need of contribution by her husband toward her support in addition to her own earnings and that the husband has refused or failed to provide this support within his financial ability, and if there is competent evidence to support these findings, we lack the power to set aside the award. This is the case here.

Affirmed.