Stephen F. VERGES, Appellant,

v.

Evelyn M. VERGES, Appellee.

No. 3245.

District of Columbia Court of Appeals.

Argued June 17, 1963.

Decided Aug. 9, 1963.

James T. McNelis, Washington, D. C., with whom Donahue, Ehrmantraut & Mitchell, Takoma Park, Md., were on the brief, for appellant.

Charles H. Mayer, Washington, D. C., with whom Lewis H. Shapiro, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is by a husband from a judgment awarding maintenance and attorney's fee to his wife and ordering a division of a certain fund then held in escrow for the benefit of the husband and wife.

Appellant's main contention is that the amount of maintenance awarded was "excessive, without foundation and punitive." We have repeatedly ruled that the amount of maintenance or alimony is a matter entrusted to the judgment of the trial court, and that if the award has a reasonable basis in the evidence we will not substitute our judgment for that of the trial court. Here there was conflicting evidence as to the husband's past and present earnings as well as his capacity for future earnings. We cannot say the action of the trial court was arbitrary. If the husband should find that the amount of maintenance is beyond his reasonable ability to pay, he may on proper showing seek a reduction. With respect to the amount of the attorney's fee we cannot say it was unreasonable.

The facts with respect to the escrow fund are these. The parties held title to their home as tenants by the entireties and they

sold it shortly before this action was commenced. At the time of the hearing the net proceeds of the sale (approximately $32,-000) were held in escrow by a title company for the benefit of the parties. The trial court ordered this sum divided in the proportion of nine-sixteenths to the wife and seven-sixteenths to the husband. Appellant contends that under our ruling in Ridgely v. Ridgely, D.C.App., 188 A.2d 296, the trial court was without authority to make this division.

■ In Ridgely we held that where "no divorce, absolute or limited, is granted the court has no power or authority to partition or award to one spouse real or personal property held by the entireties." For this proposition we relied upon Hogan v. Hogan, 102 U.S.App.D.C. 87, 250 F.2d 412, where it was said that where there is no consent, and no divorce, the court is powerless to partition or award to one party property held by the entireties. In the present case there was no divorce and the court therefore lacked authority to divide the funds unless the parties consented.[1]

During the course of the trial there was testimony that, in addition to the home which had been sold, there were two parcels of real estate in Maryland held in the joint names of the parties. It is clear that the husband objected to any action by the court with respect to the Maryland properties and the court properly ruled it had no jurisdiction over them; but the objection of the husband appears to have been limited to "the rights in real estate," and not to the funds realized from the sale of the home. In final argument to the court the husband's counsel, referring to the wife's ability to pay her own counsel fee, said: "After all she does have a right to have a half of the $32,000 escrow account, now in the bank of the District of Columbia." This would indicate that the husband was consenting to a division of the escrow account, though he felt that the division should be an equal one.

His attitude was made even clearer at oral argument before us when the husband admitted that after the wife had obtained the share of the escrow fund allotted to her, he had withdrawn his allotted share, and that his only objection to the division of the account was that the wife was given nine-sixteenths instead of eight-sixteenths. He made it plain at argument that he did not wish the entire fund restored to a joint account, but only wished that the wife be required to pay him one-sixteenth so that the division would be on an equal basis.

■ It seems clear that the husband not only did not object to partition of the jointly-held funds but actively consented thereto. His only objection is that he was allotted seven-sixteenths instead of one-half. In view of the consent of both parties to the partition the court had power to divide the fund, and we cannot say this division was improper.

Affirmed.

---

1. In fairness to the trial court it should be noted that its judgment was entered prior to our decision in Ridgely.