194 A.2d 665 (1963)
Iris Zelda SCHILLER, Appellant,
v.
Charles SCHILLER, Appellee.
No. 3222.
District of Columbia Court of Appeals.
Argued September 16, 1963.
Decided November 4, 1963.
Rehearing Denied November 20, 1963.
*666 Orie Seltzer, Washington, D. C., for appellant.
Jacob Sheeskin, Washington, D. C., for appellee.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
MYERS, Associate Judge.
The issues before us are whether the trial judge erred in (a) denying separate maintenance to appellant wife;[1] (b) declining to award either parent exclusive custody of their minor children; and (c) failing to award the wife support for the minor children residing with her.

A. Separate Maintenance for Wife
We have held that a wife makes out a prima facie case for support under our Code when she proves that her husband fails or refuses to maintain her and that he is able to do so. Miller v. Miller, D.C.Mun. App., 180 A.2d 888, 889; Johnson v. Johnson, D.C.Mun.App., 179 A.2d 720. Of course, proof of these two facts does not mean that the husband is helpless to defend. On the contrary, he may reduce or even defeat her claim for maintenance by evidence that she left him without cause or reason or that the separation was brought about by her misconduct. We therefore recommended in the Miller case that prerequisite to an award for maintenance there should be a specific finding that the wife was justified in living separate and apart from her husband.
In the instant case the wife premised her complaint on the fact that during a three-week period prior to instituting suit her husband had failed to support her, but the evidence revealed she left the marital abode suddenly and without notice to him, that she did not inform him of her new address, and that he did not ascertain it until service of her complaint for separate maintenance, support and custody. Neither in her pleadings nor in her testimony did appellant allege she was justified in living apart from her husband.
We need not decide, however, whether appellant's failure to justify her departure was fatal to her case as we agree with the trial judge that appellant had not established one of the essential elements on which she must predicate her right to separate maintenance, i. e., that her husband had failed or refused to support her. We would not adopt a rule of law that would permit a wife to charge her husband with failure to support when, by her own deliberate act in leaving the marital abode and in secreting herself, she made it impossible for him to do so. Especially are we not moved to sanction her claim in this case where it is admitted that prior to her departure appellee had supported his family commensurate with his earning ability and had remained willing to continue this support should appellant return with the children to the marital abode still maintained by him for the family. We therefore affirm the trial court in its denial of separate maintenance to appellant.

B. Custody
A more difficult question, and one shrouded in a conflicting body of law, is whether the trial judge erred in declining to award exclusive custody of the minor children to either parent.
It is undisputed that the wife, children and father are and have been for many years domiciliary residents of Maryland where the children are living and attending school. At the time suit was filed the husband was working in the District of Columbia where personal service was had upon him, but at the time of trial he was employed in Maryland.
The question therefore arises whether a court of this jurisdiction would have authority to award custody of minor children where neither they nor their parents are *667 domiciled or residing or working in the District and where the children have never been physically present or otherwise subject to the jurisdiction of the trial court.[2]
Courts have enunciated various reasons for assuming jurisdiction over custody matters. Some have held that the domicile of the child in the forum is sufficient.[3] Others have prescribed the physical presence of the child in the jurisdiction as the sole test;[4] and in some instances personal jurisdiction over the contesting parents,[5] regardless of the presence or the domicile of the child, has been held an adequate basis for the determination of custody. Other cases hold that, as an incident to a divorce, sound policy dictates that custody of even nonresident children shall be determined on the theory that it is for their best interests that this, as well as all other areas of dispute, should be settled at the time the marriage is terminated in order to avoid further contention and litigation between the parents.[6] In all instances, however, the dominant theme justifying assumption of jurisdiction is that it is for the best interests of the child that the court take cognizance of the problem. As Justice Cardozo stated in Finlay v. Finlay, 240 N.Y. 429, 431, 148 N.E. 624, 40 A.L.R. 937, "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless."
Judicial pronouncements in the District of Columbia indicate a willingness of the courts to weigh and consider the welfare of any child who lives within its territorial limits either temporarily or as a domiciliary resident with a parent or other relative. In the case before us the only possible basis for jurisdiction over the minor children is the personal jurisdiction over the contesting parents, both Maryland residents. The decisions of our courts give no clear-cut guide as to whether this is a sufficient nexus to give the trial court jurisdiction to award custody of nonresident children.[7] The question is not one involving convenient or inconvenient forum.
Viewed in the light of what is for the best interests of the children and their welfare and the admitted nonresidence of all parties, we think the trial court properly declined to award custody.[8] Practical considerations dictate such a decision by reason of the inherent difficulties in the enforcement of any custody order, and in any effort of a court of the District of Columbia to act as parens patriae for these children, it could not assume realistic control and care. It is our opinion that the appropriate court in Maryland, with a substantial interest in the children and the family unit and with authority to enforce its orders, is the tribunal which should determine whether the best interests of the children would be served by awarding custody to either their mother or their father.

*668 C. Support for Minor Children

Whether appellant was entitled to an award of support for the children living with her must be found within the provisions of Sec. 16-415 of our Code. This section provides:
"Whenever any husband shall fail or refuse to maintain his wife and minor children * * * although able so to do, the court * * * may decree that he shall pay her * * * sums * * * for the maintenance of * * * the minor children * * * committed to her care by the court * * *." [Emphasis supplied.]
Assessing appellant's claim in the framework of the above statutory requirements, we are of the opinion she may not obtain through our courts support for the children first, for the reasons previously noted in reference to her own prayer for separate maintenance, in that she had not proved her husband had failed or refused to maintain her, and, parenthetically, the children; and secondly, the court had no jurisdiction to award support as it had rightfully declined to commit the children to her care, a condition precedent to an award for support under Sec. 16-415.
We have previously stated that "[t]he duty of support follows custody * * *" Cobbe v. Cobbe, D.C.Mun.App., 163 A.2d 333, 336, and therefore the court which determines the custody of these children should also determine the amount the father should pay for their support if they are awarded to their mother.
Affirmed
QUINN, Associate Judge (concurring).
I concur with the understanding that this opinion is not to be interpreted as holding that the court, having jurisdiction over the father and mother, is precluded from determining custody of a child who is not present or domiciled within the court's jurisdiction.
NOTES
[1] D.C.Code 1961, § 16-415.
[2] For an excellent discussion of the bases on which a court may acquire jurisdiction to award custody of minor children and the concomitant problems, see Sampsell v. Superior Court, 32 Cal.2d 763, 197 P. 2d 739.
[3] Boone v. Boone, 76 U.S.App.D.C. 399, 400, 132 F.2d 14, 15, cert. denied 319 U.S. 762, 63 S.Ct. 1319, 87 L.Ed. 1713; Restatement (Second), Conflict of Laws § 117 (Tent.Draft No. 1, 1953).
[4] Langan v. Langan, 80 U.S.App.D.C. 189, 193, 150 F.2d 979, 983; Cook v. Cook, 77 U.S.App.D.C. 388, 390, 135 F.2d 945, 947.
[5] Sampsell v. Superior Court, supra, note 2; Anderson v. Anderson, 74 W.Va. 124, 81 S.E. 706.
[6] Wilson v. Wilson, 66 Nev. 405, 212 P.2d 1066; Rickman v. Rickman, 266 Ala. 371, 96 So.2d 674.
[7] For our most recent case in this field, see Stevens v. Brown, D.C.App., 194 A. 2d 126.
[8] But not for the reason stated, i. e., that both parents are fit and proper custodians and equally entitled to custody.