Chauncey L. MORSE, Appellant,

v.

Sallie W. MORSE, Appellee.

No. 3446.

District of Columbia Court of Appeals.

Submitted April 6, 1964.

Decided May 14, 1964.

Herman J. D. Carter, Washington, D. C., for appellant.

Stephen Bienieck, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

This case originated in the trial court as a complaint for separate maintenance (D. C.Code, 1961, § 16–415) filed by the wife against her husband.

The complaint under oath set forth a marriage between the parties in Arlington, Virginia, on June 17, 1955. Appellant's sworn answer admitted this marriage. After trial, at which both parties gave testimony, the trial judge found there was sufficient evidence to establish a valid marriage and that appellant had failed to support his wife, although able to do so, and awarded appellee $75 per month for her separate maintenance. Subsequently, under G.S. Rule 59 governing new trials and amendment of judgments, appellant moved for a trial finding and judgment in his favor, or, alternatively, for a new trial, which motion was overruled. This appeal by the husband followed.

Appellant asserts that the trial judge erred, *inter alia,* in not ruling that the marriage between the parties in Virginia on June 17, 1955, was void *ab initio* and had not ripened into a valid common law marriage.

Although counsel for appellant now attacks the validity of that marriage on the ground that the wife's decree of divorce from her previous husband (Crawford) in the District of Columbia on May 11, 1955, had not become final and effective to dissolve their marriage ties by lapse of six months after entry of the decree, the record reveals that this affirmative defense was neither pleaded nor pressed during admission of testimony, although opportunity for that purpose was granted. Not until argu-

ment on the motion for a trial finding and judgment in his favor or, alternatively, for a new trial, did appellant for the first time seriously press the nullity of the Virginia marriage as a bar to appellee's claim for separate maintenance.

■ The record establishes that appellee and one Crawford were divorced in the United States District Court for the District of Columbia on May 11, 1955, and that such decree did not become final and absolute until six months thereafter. D.C. Code, 1961, § 16–421. On June 17, 1955, however, appellant and appellee were civilly wed in Arlington County, Virginia; and on June 24, 1956, they were rewed in the District of Columbia in a religious ceremony. Certificates covering both ceremonies were admitted without objection. The parties continued to live together until May, 1962.

Although the first marriage was void[1] and the trial judge was in error in relying on the Virginia ceremony to establish appellee's marital status for support purposes, the impediment was removed with the passage of six months following appellee's divorce from her first husband, and the second marriage ceremony entered into by the parties to this proceeding created a valid husband-wife relationship as contemplated by the Code, entitling appellee to an award of separate maintenance upon a showing that appellant husband failed or refused to provide for her commensurate with his ability.[2]

■ The remainder of the alleged errors deal with questions of fact concerning the departure of the wife from the marital abode, the failure or refusal of the husband to support the wife, although able to do so, and the amount required for her mainte-nance. These issues, after being considered by the trial court in the light of the testimony adduced during the hearing and of the credibility of the two witnesses, were resolved against appellant. Although the evidence was conflicting in some respects, we find it competent to support the findings that the wife was justified in leaving the marital abode;[3] that the husband did fail to support her; and that $75 a month was reasonable and in accordance with her needs and appellant's ability to pay.

Affirmed.

---

1. Dillard v. Dillard, 107 U.S.App.D.C. 214, 275 F.2d 878; Oliver v. Oliver, 87 U.S. App.D.C. 334, 185 F.2d 429.

2. In view of the second ceremony in 1956, it is unnecessary to consider whether, following the lapse of six months after appellee's divorce in 1955 from her first husband, the relationship between appellant and appellee ripened into a common law marriage.

3. Schiller v. Schiller, D.C.App., 194 A.2d 665, 666; Miller v. Miller, D.C.Mun.App., 180 A.2d 888, 889; Johnson v. Johnson, D.C.Mun.App., 179 A.2d 720.