Nancy Gillis SHERIDAN, Appellant,

v.

Gregory T. SHERIDAN, Appellee.

No. 3471.

District of Columbia Court of Appeals.

Argued May 25, 1964.

Decided July 17, 1964.

Rehearing Denied July 31, 1964.

---

Mark B. Sandground, Washington, D. C., with whom Dennis J. Tuchler, Washington, D. C., and Amram, Hahn & Sundlun, Washington, D. C., were on the brief, for appellant.

Richard L. Walsh, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

The parties to this action, husband and wife, were married in 1959, and lived in near-by Virginia and Maryland until their separation in 1963.[1] Two children were born of the marriage. After the separation the wife and children went to New York, her former residence, and are now living there. The husband is now residing in the District of Columbia, which is and has been his place of employment. About five months after the separation this action was brought by the wife, seeking separate maintenance and support for herself and the children. The court denied any relief and this appeal followed.

We first consider the refusal of the trial court to award any support for the children. The trial court's refusal was based upon its interpretation of the decision of this court in Schiller v. Schiller, D.C.App., 194 A.2d 665 (1963). In that case the father, mother and children were all residents of Maryland. The mother brought suit in the District of Columbia for separate maintenance, custody of the children and support for them. The trial court denied any relief and we affirmed. In affirming the denial of custody we said:

"Viewed in the light of what is for the best interests of the children and their welfare and the admitted non-residence of all parties, we think the trial court properly declined to award custody. Practical considerations dictate such a decision by reason of the inherent difficulties in the enforcement of any custody order, and in any effort of a court of the District of Columbia to act as *parens patriae* for these children, it could not assume realistic control and care. It is our opinion that the appropriate court in Maryland, with a substantial interest in the children and the family unit and with authority to enforce its orders, is the tribunal which should determine whether the best interests of the children would be served by awarding custody to either their mother or their father." 194 A. 2d at 667.

In affirming the denial of support for the children, we said:

"* * * the court had no jurisdiction to award support as it had rightfully declined to commit the children to her care, a condition precedent to an award for support under Sec. 16–415."[2] 194 A.2d 668.

From our decision in Schiller, the trial court reasoned: "Well, under the Schiller Case I have no jurisdiction to award custody and under the Schiller Case I have no

---

1. She claimed the separation resulted from his desertion. He claimed she left without cause.

2. Code 1961, 16–415 provides: "Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do, the court, on application of the wife, pendente lite and permanently, may decree that he shall pay her, periodically, such sums as would be allowed to her as pendente lite or permanent alimony in case of divorce for the maintenance of herself and the minor children, if any, committed to her care by the court, and the payment thereof may be enforced in the same manner as directed in regard to the payment of permanent alimony."

right to award maintenance for the children because maintenance accompanies custody."

The trial court's reasoning was erroneous. The question of custody was not in issue. In her complant the wife alleged she had custody of the children, and the husband admitted that fact in his answer and did not question her right to custody. In argument to the court counsel for the husband stated: "The custody of the children is not disputed. She is entitled to the custody of the children with reasonable rights of visitation." It is clear that the mother had custody, the father was not seeking custody, and no issue of custody was made or tried. The question of the court's jurisdiction to award custody was not before the trial court and is not before us.

From its gratuitous ruling that it had no jurisdiction to award custody, the trial court concluded that our ruling in Schiller prevented it from awarding support for the children. The ruling in Schiller has no application here. In Schiller custody was in issue, but no award of custody was made, and that issue was left to the Maryland courts. Naturally, where custody is in issue, no award of support for the children should be made to the mother until she is first awarded custody.

■ Here, where actual custody is in the mother and the father is not disputing her right to custody there is nothing in Code Section 16–415 which prevents the court from awarding support money for the children. The duty of a father to support his minor children was not created by the statute, and the trial court, with exclusive jurisdiction over actions for support of minor children, clearly had jurisdiction to award support in this case. It was error not to award support for the children. In fairness to the father, it should be noted that throughout the trial his position was that the children were entitled to support from him and that the only question in this respect was determination of the amount in view of the children's needs and his ability to pay.

We now turn to the trial court's denial of maintenance to the wife. The husband resisted this claim on the ground that she had left him without reason or justification. And, although both parties testified in detail to the circumstances leading up to and surrounding the separation, the trial court, disregarding its own rules, made no finding on this vital issue.[3] The court's reasoning for denying maintenance was expressed in this manner:

"She said she makes $141 every two weeks. That's $70.50 a week, and multiply that by four and a third, that is $305.50 and that's generally what she makes.

"It seems to me that that would be enough for her to live off of herself. She might have to strain a little bit to live off of that in New York but I think she can manage it.

"I don't think I'll allow her any maintenance. She's making enough to take care of herself."

■ As the court did consider making an award of maintenance, we must assume that it impliedly, though not expressly, found that the wife was justified in living apart from her husband and denied maintenance solely on the ground that the wife was earning enough to support herself. The wife's financial resources or earnings may be taken into consideration in making an award of maintenance, and where her resources are so substantial as to adequately supply all her needs, maintenance may be denied.[4] But a wife should not be denied any maintenance merely because she is earning sufficient to enable her to live.

Reversed with instructions to grant a new trial.

3. See Miller v. Miller, D.C.Mun.App., 180 A.2d 888 (1962).

4. Foley v. Foley, D.C.Mun.App., 184 A.2d 853 (1962).

MYERS, Associate Judge (concurring in part and dissenting in part).

I am in full accord with the reasoning and conclusions of the majority opinion that the trial judge was in error in holding that under Schiller v. Schiller, D.C.App., 194 A.2d 665, he lacked jurisdiction to award maintenance for the two minor children; that as the father did not question the right of appellant to their custody, the court was not precluded by the provisions of Sec. 16–415 [1] from awarding support for the children; and that the case should be reversed and remanded for that purpose.

I cannot agree, however, that the case should also be retried for determination of an award of separate maintenance for the wife. Sec. 16–415 provides that the court *may* award maintenance to a wife if the husband shall fail or refuse to maintain her, although able to do so. Thus it does not compel an award. We have ruled frequently that this is a matter entrusted to the discretion of the trial court and that we

will not disturb its judgment except upon a clear showing of abuse. [2]

From the record it appears that the wife was denied separate maintenance because she was employed and had a take-home pay of approximately $306 a month, which the trial judge found was "enough to take care of herself." It must necessarily be presumed that in reaching this conclusion the trial judge weighed and considered appellant's needs and resources and the husband's financial ability to supplement her income. It is well settled that a wife's pecuniary resources are a relevant consideration which may limit an award of maintenance or defeat it altogether. [3]

In the light of the broad discretion given the trial court in this area and in the absence of any clear showing of abuse, I cannot subscribe to the majority opinion that it was error to deny the wife maintenance "because she is earning sufficient to enable her to live." [4] I would affirm the trial court's determination of this issue of fact.

1. Now Sec. 16–916, District of Columbia Code, 1961 edition as amended.

2. Verges v. Verges, D.C.App., 193 A.2d 208; Dawson v. Dawson, D.C.App., 193 A.2d 70; Bell v. Bell, D.C.App., 190 A.2d 265, 266; Rutherford v. Rutherford, D.C. App., 189 A.2d 124, 125; Johnson v. Johnson, D.C.Mun.App., 163 A.2d 127, 128.

3. Foley v. Foley, D.C.Mun.App., 184 A.2d 853, 855.

4. I am of the opinion that the trial court, under the dictates of Rule 7 of the Domestic Relations Branch, should have rendered more detailed findings of fact in support of its denial of maintenance. Hamilton v. Hamilton, D.C.Mun.App., 158 A.2d 677, 679; O'Lea v. O'Lea, D.C. Mun.App., 138 A.2d 486, 487. This omission, however, does not require a reversal.