**William E. CONNERS, Appellant,**

v.

**Ruth B. CONNERS, Appellee.**

No. 3567.

District of Columbia Court of Appeals.

Submitted Nov. 16, 1964.

Decided March 11, 1965.

Charles Sumner Brown, Washington, D. C., for appellant.

Andrew L. Geisler, Washington, D. C., entered an appearance for appellee but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is by a husband from a judgment denying his claim to an absolute divorce on the ground of desertion.

The undisputed facts are that after nearly seven years of married life, the wife, without the husband's consent and with no previous notice to him, left the marital home and never returned, although the husband remained there for more than a year awaiting her return. The record makes it plain that the husband and wife were incompatible and were a constant source of irritation to each other. She complained of his excessive drinking and his behavior when intoxicated. He complained of her constant nagging and argumentative disposition. When he brought this action alleging two years' desertion, she filed a countercomplaint, admitting she had left the marital abode, but alleging she was forced to do so by reason of her husband's cruelty, and she sought a divorce on the ground of constructive desertion.

At the conclusion of the testimony the trial court first considered the wife's claim. The court found there was no evidence of physical cruelty and that the conduct of the husband did not constitute mental cruelty impairing the health of the wife. Accordingly the court ruled that the wife had not made out a case of constructive desertion. The court then ruled that the husband was not entitled to a divorce because the wife's desertion was not "without cause or excuse." This ruling was based on the court's statement of law that, "Just cause or excuse [for leaving] does not have to amount to the dignity of cruelty which would justify a divorce for the other

spouse." This appeal contends that this is not a correct statement of the law.

■ In Schreiber v. Schreiber, D.C.Mun. App., 139 A.2d 278 (1958), we reviewed the authorities and concluded that it was well established in this jurisdiction that a spouse who seeks to justify his or her desertion, and thereby establish a constructive desertion on the part of the other spouse, must justify the desertion by proof of acts of cruelty sufficient to support a limited divorce.

■ From the above-stated rule it follows that, as the trial court found the wife had not established constructive desertion by the husband, her desertion was not justified, and the husband was entitled to a divorce by reason of his wife's unjustified desertion.

The judgment, insofar as it denied appellant a divorce, is reversed, with instructions to grant appellant a divorce on the ground of desertion.