Chauncey L. MORSE, Appellant,

v.

Sallie W. MORSE, Appellee.

Nos. 3720, 3762.

District of Columbia Court of Appeals.

Argued Sept. 13, 1965.

Decided Oct. 7, 1965.

Rehearing Denied Oct. 26, 1965.

Herman J. D. Carter, Washington, D. C., for appellant.

Andrew L. Geisler, Washington, D. C., entered an appearance for appellee but filed no brief.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On June 17, 1955, appellant Chauncey L. Morse and appellee Sallie W. Morse were married in Virginia. At that time appellee's divorce from her first husband, granted May 11, 1955, in the United States District Court for the District of Columbia, had not become final and effective. 16 D.C. Code, 1961 § 421 (now § 16–920, Supp. IV 1965). The parties thereafter cohabited as man and wife. On June 24, 1956, they participated in a ceremony, a religious one, in the District of Columbia and continued to live together until May 1962 when appellee left the marital abode. During this period, appellant adequately supported the wife without objection and without charge that their status was not a valid one.

On March 20, 1963, appellee sued appellant for separate maintenance. 16 D.C. Code, 1961 § 415 (now § 16–916, Supp. IV 1965). Although the husband appeared at the trial and gave testimony, he did not press the issue of the possible invalidity of their marriage. After a full hearing, the trial judge on September 13, 1963, found that the parties were married in Virginia in 1955, that the husband had failed to support appellee, although able to do so, and that he was financially able to pay $75 a month for her support. A subsequent motion by the husband for judgment in his favor, or, in the alternative, for a new trial, challenging the finding of a valid Virginia marriage and alleging that the wife had forfeited her right to maintenance by leaving the marital abode without justification or excuse, was denied by the trial judge. We affirmed (Morse v. Morse, D.C.App., 200 A.2d 375 (1964)), holding that, although the Virginia marriage was a nullity, the second ceremony in this jurisdiction by an officiating minister on June 24, 1956, created a valid husband-wife relationship. Although the evidence was conflicting, we held it was competent to support the trial judge's findings that the wife was justified in leaving appellant and that $75 a month was reasonable for her support in accordance with her needs and appellant's ability to pay. On August 15, 1964, the United States Court of Appeals for the District of Columbia Circuit denied appellant's application for allowance of appeal. Two more appeals between these same parties have been consolidated for hearing and are now before us for determination.

### No. 3720

This appeal is from an order of the trial court dated February 19, 1965, denying a motion filed there on January 5, 1965, under GS Rule 60(b) to vacate and set aside the September 13, 1963, judgment for maintenance affirmed by us on May 14, 1964. The chief grounds alleged are (1) newly discovered evidence which by diligence could not have been located and proved in time to move for a new trial and (2) that no valid marriage between the parties ever existed. Appellant also charges that fraud, deceit and misrepresentation by appellee in connection with their two marriage ceremonies invalidated them and that their subsequent open cohabitation for almost seven years had not ripened into a common law relationship of husband and wife.

The record affords no support for appellant's claim of newly discovered evidence and for his charges of fraud and deceit practiced by appellee either upon the trial court or this court. Equally without merit is his contention that at the time of the 1963 trial he was unaware that appellee's divorce had not become final when the parties participated in the Virginia marriage ceremony. To the contrary, it is patently clear that he was cognizant of this deficiency, although he failed to raise it in his pleadings or to press it at trial. And only after he was directed to contribute to the maintenance of appellee did he challenge the second religious ceremony in this jurisdiction (now alleged to have been performed without a license) as a mere pastoral or spiritual blessing. At no time during trial had appellant raised objection to

admission into evidence of a certificate issued by the officiating clergyman that he had reunited the parties in marriage according to the laws of the District of Columbia. In further argument appellant protests that his relationship with appellee was always illicit and never ripened into that of a husband. We feel it unnecessary to consider and rule on this point as this issue was never directly passed upon by the trial judge or by this court at the time of the 1964 appeal. After trial in September 1963, wherein appellant participated, was represented by counsel, and had ample opportunity to raise and prove any legal impediment to his marriage, the trial judge found a valid husband-wife relationship to sustain an award of separate maintenance to appellee. We affirmed on May 14, 1964 Morse v. Morse, supra, upon the basis of a valid husband-wife relationship and upheld the award of maintenance. This became the "law of the case" binding upon both parties in any future litigation between them in the same suit. Thompson v. Maxwell Land Grant R. Co., 168 U.S. 451, 456, 18 S.Ct. 121, 42 L.Ed. 539 (1897).

■ This second appeal by the husband amounts, in substance, to nothing more than another effort to re-open the previous appeal and to modify or reverse the maintenance judgment of September 13, 1963, which after extensive litigation was affirmed here. The courts of this jurisdiction have long recognized and applied the rule of the "law of the case" and have held it to be a rule of practice, not a limitation of power. The only departure from this rule occurs in a clear case showing that the earlier adjudication was plainly wrong and that its application would work a manifest injustice. This is not such a situation where the law of the case rule should be

ignored. The former decision that the parties were "husband and wife" became the law of this case and cannot be now re-examined on a subsequent appeal between the same parties in the same suit. The determination of the critical issue was not plainly wrong and the application of the rule would not work a manifest injustice.[1] We cannot at this late date and under the dictates and limitations of any section of GS Rule 60(b) accept the arguments on appeal, again directed at the judgment of September 13, 1963, in order to reopen and retry the single issue of husband and wife relationship, directed solely at the defeat of her right to support. Applying the settled law of the case, we hold that the trial court correctly overruled the motion by appellant under GS Rule 60(b) by order entered February 19, 1965.

### No. 3762

Notice of appeal was filed on April 12, 1965, from an order entered March 27, 1965, in the trial court granting judgment of $600 against the surety upon a supersedeas bond, based upon a prior holding of appellant in contempt for failure to comply with support payments directed by the maintenance judgment of September 13, 1963.

■ Our Rule 27(a) provides that notice of appeal must be filed with the clerk of the trial court within ten days from the date of the judgment or final order appealed from. We have ruled on numerous occasions that such time limit is mandatory and jurisdictional and may not be enlarged or extended either by the trial court or by this court. Glass v. Diesenhof, D.C.Mun.App., 168 A.2d 902, 903 (1961); Valentine v. Real Estate Commission, D.C.Mun.App., 163 A.2d 554, 555 (1960); Roumel v. Strad-

---

1. Brown v. Gesellschaft Fur Drahtlose Tel., M.B.H., 70 App.D.C. 95, 104 F.2d 227 (1939); Davis v. Davis, 68 App.D.C. 240, 96 F.2d 512, rev'd on other grounds, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518 (1938), citing Williams v. Order of Commercial Travelers, 6 Cir., 41 F.2d 745; Seagraves v. Wallace, 5 Cir., 69 F.2d 163; Zurich General Accident & Liability Ins. Co. v. O'Keefe, 8 Cir., 64 F.2d 768; Johnson v. Cadillac Motor Car Co., 2 Cir., 261 F. 878, 8 A.L.R. 1023. See also Morrissette v. Boiseau, D.C.Mun.App., 91 A.2d 130 (1952).

ley, D.C.Mun.App., 119 A.2d 111 (1955). We are therefore without jurisdiction to consider this appeal which was not noted within the ten-day period from March 27, 1965.

No. 3720 Affirmed;

No. 3762 Appeal Dismissed.