**Mary Severin GROLLMAN, Appellant,**

**v.**

**Jaye Jacob GROLLMAN, Appellee.**

**No. 3860.**

District of Columbia Court of Appeals.

Argued April 18, 1966.

Decided June 17, 1966.

---

Justin L. Edgerton, Washington, D. C., argued for appellant, William T. Stephens and Bernard S. Gild, Washington, D. C., were on the brief.

David I. Abse, Washington, D. C., for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

QUINN, Associate Judge:

After more than twenty years of marriage, appellant filed a complaint for a

limited divorce alleging desertion and cruelty, and appellee counterclaimed for an absolute divorce on the alternative grounds of voluntary separation and desertion. There had been marital discord for many years, and the couple ceased sleeping together in 1962, although they continued living under the same roof until January 5, 1965, at which time appellee moved out of the house. The trial court denied both divorces, and concluded as a matter of law that (1) appellant constructively deserted her husband; (2) no award of separate maintenance should be allowed; and (3) no provision for educational funds for the children was required. Appellant's motion for a new trial or for alteration and amendment of the court's findings of fact and conclusions of law was denied, and she appeals.

Appellant first argues that the court erred in concluding that she constructively deserted her husband. The court's finding, which is supported by substantial evidence, states that appellee left home on January 5, 1965, at the "insistence and request" of his wife. We do not believe that this is tantamount to forcing the husband to leave. The record shows that appellant merely requested him to do so, and it is immaterial how many times this request was repeated.

██ Constructive desertion occurs when one spouse, through misconduct, forces the other to abandon the marital abode. Hales v. Hales, D.C.App., 207 A.2d 657 (1965). Examples of misconduct justifying one spouse's leaving are:

" * * * Cruelty arising from physical abuse, false accusations of infidelity or unchastity, * * * or other acts which affect and impair the health and make life together intolerable * * *. Ill temper, financial differences, and denial of sexual intercourse, on the other hand, are examples of conduct *insufficient* to justify abandoning the marital abode.

* * *" (Emphasis added.) Hales v. Hales, supra, at 659.

This is in accord with the general rule that in order to justify desertion, one must prove facts sufficient to sustain the granting of at least a limited divorce. Mazique v. Mazique, D.C.Cir., 356 F.2d 801 (1966); Conners v. Conners, D.C.App., 208 A.2d 94 (1965); Schreiber v. Schreiber, D.C.Mun. App., 139 A.2d 278 (1958).

██ The court here made no findings upon which it could properly base a conclusion of constructive desertion. Such a gratuitous conclusion is extremely prejudicial to appellant, for were it allowed to remain, appellee would be entitled to a divorce on the anniversary of his departure, and appellant would be barred from litigating the issue of desertion at that time. We do not intend to hold that the absence of this conclusion should indicate that the husband's leaving was unjustified.[1] The court's denial of both divorces means only that as of the time of trial, the husband had not been guilty of cruelty, that the parties had not been voluntarily separated for five years, and that the husband was not entitled to a divorce on the ground of his wife's desertion for more than two years. The issues of constructive desertion by the wife and desertion by the husband arising out of his departure on January 5, 1965, were not before the trial court, were not litigated, and could not properly have been decided.

██ Appellant next contends that she was entitled to an award of separate maintenance. We find no error in the decision below in this regard. The trial court found that appellee did not fail or refuse to support and maintain his family, and this finding alone, which is supported by the record, is sufficient basis for a denial of an award of maintenance under D.C.Code 1961, § 16-415. Towson v. Towson, 49 App.D.C. 45, 258 F. 517 (1919). Furthermore, appellant is not prejudiced by the court's order which

---

1. Mazique v. Mazique, supra; Conners v. Conners, supra.

specifically provides that she shall have the right to seek amendment "so as to provide reasonable maintenance and support monies for herself and such children as are dependent" if appellee fails to continue his payments. In any event, if at a future date, appellant believes the amounts she is receiving are inadequate, she may resort to the courts for a determination of whether her husband is failing to support her under the statute.

Appellant next argues that the court erred in its finding and conclusion that since trust funds have been established for the education of the couple's three children, no provision for their support in this regard need be made at present. She claims that such funds may not be used to defeat the duty of appellee to support his minor children.

■ It appears to be well settled that where trust funds have been established to provide for a child's education, these funds may be used to discharge the father's duty to support, without regard to his financial status. 39 Am.Jur. Parent and Child § 44 at 657, 663 (1942); 67 C.J.S. Parent and Child § 21 p. 724 (1950); Annot., 121 A.L.R 176, 177–178, 197–198, 200–201 (1939). See Holtzman v. Castleman, 9 D.C. 555, 2 MacArthur 555 (1876); Cleveland Clinic Foundation v. Humphrys, 97 F.2d 849, 121 A.L.R. 163 (6th Cir.1938); Ingalls v. Ingalls, 256 Ala. 321, 54 So.2d 296 (1951).

■ In the case at bar, the trust funds were expressly established by appellee's brother to provide for payment (from both income and corpus) of certain educational expenses of the children. We hold that under these facts, appellee had the right, if not the duty as trustee, to apply these funds for his children's college education, irrespective of whether he was able to so provide from his own means.

It not appearing that a new trial is necessary to remedy the one error below, we order stricken the conclusion of law that appellant constructively deserted her husband and affirm the judgment of the trial court in all other respects.

■ A motion was filed for counsel fees by appellant's attorneys and we find that they are entitled to an award of $1,000 for services performed on this appeal.

So ordered.