**Alfred CRANCER, Jr., Appellant,**

v.

**Linda Sue CRANCER, Appellee.**

No. 3884.

District of Columbia Court of Appeals.

Argued May 23, 1966.

Decided Oct. 3, 1966.

Walter M. Nicholson, Jr., Washington, D. C., for appellant.

Raymond L. Poston, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This is an appeal by a husband from an award of separate maintenance for his wife and children. The parties were married in 1955 and have two sons, seven and four years old. In 1964 appellant became involved with his secretary; appellee attempted to dissuade the couple from their conduct, and invited and received the assistance of her father-in-law. Despite these efforts appellant left the family home on a Saturday morning in June, ostensibly to play tennis, and flew to Europe to partake of a three-week vacation with the secretary. After a reunion with his wife and children in August, appellant sent them to live with the wife's parents in Arkansas, and began traveling to find employment. After some months of separation the family was briefly reunited. Finally, in April 1965, appellant left the family permanently. Having earlier procured a questionable divorce in Mexico, he married his secretary.

The trial court found that appellant failed and refused to adequately maintain appellee and the children, although able to do so, and awarded custody of the children and permanent maintenance and support for herself and the children to appellee.

Appellant contends that the trial court erred in awarding custody of the children to the mother when appellant had not been given notice that custody was to be litigated. As the children reside with the mother in Arkansas, he also challenges the jurisdiction of the court to determine custody. See Schiller v. Schiller, D.C.App., 194 A.2d 665 (1963). However, a careful reading of the complaint, answer and record convinces us that custody was not in issue. In her complaint the wife alleged she had custody of the children, and the husband admitted that fact in his answer. At trial the wife requested permanent custody, and the husband's only protestation was that he should be allowed visitation privileges outside of the wife's environment. The award of custody, then, was a formality, required by the statute as a condition precedent to an award of support for the children. D.C.Code 1961, § 16–415; Sheridan v. Sheridan, D.C.App., 202 A.2d 653 (1964).

Appellant further contends that the conduct of the court deprived him of a fair trial. In making its findings the court remarked that it considered the case particularly shocking and proceeded to lecture

the appellant on his scandalous conduct. There is no doubt that the court's remarks were unnecessary to its findings, but they were made after the testimony was given, and as a reaction to that testimony rather than as a prejudgment of it. The evidence amply supports the findings, and after carefully reviewing the transcript we are confident that the court's expressions of indignation were not indicative of bias and did not deprive appellant of a fair trial. Beavers v. Beavers, D.C.Mun.App., 177 A.2d 892 (1962).

The contention that the amount of the court's award is excessive is without merit. The trial court is vested with broad discretion in this area, and the exercise of that discretion is here supported by the facts. Tinney v. Tinney, D.C.App., 209 A.2d 927 (1965).

Affirmed.