**Carol Cross BROWN, Appellant,**

v.

**Kingman Bliss BROWN, Appellee.**

**No. 4838.**

District of Columbia Court of Appeals.

Argued Dec. 1, 1969.

Decided Jan. 15, 1970.

Ferdinand J. Mack, Washington, D. C., for appellant.

John Alexander, Washington, D. C., for appellee.

1.  392 U.S. 1, at 24, 88 S.Ct. 1868, at 1881.

2.  *Id.* at 27, 88 S.Ct. at 1883.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge.

Mr. Brown (appellee) brought an action against his wife (appellant) seeking a divorce on the ground of voluntary separation. The court awarded him the divorce and awarded her custody of the parties' two minor children, support for each of the children in the amount of $10 per month, and alimony in the amount of $250 per month. Custody was conditioned upon her continued use of a trust fund which had been created for the maintenance, education and support of Mr. Brown's children.

Her main contention is that since he is financially able to support his children, it was error to require the use of the separate funds of the children.[1]

The trust fund has a value of about $300,000 and earns an income of about $12,000 annually. The trust was created by Mr. Brown's deceased aunt and directs the trustees " * * * to use and apply the said income and such part of the principle as they in their sole discretion may deem necessary, for the maintenance, education and support of all [his] children. * * *" The issue of the intention of the testatrix was not contested in the trial court; in any event, it is apparent to us from a reading of the will that the testatrix intended that the trust be available for the maintenance, education and support of Mr. Brown's children, regardless of his ability to provide for them.[2] No bill submitted to the trustees for the childrens' expenses had been refused by the trustees. The trial court took all this into consideration in determining the amount of the support to be awarded, and there is no showing that the support payments awarded were unfair or unreasonable under the present circumstances.[3]

Her attack on the trial court's "finding" that the issue of custody should be reviewed if she did not submit bills for the childrens' support to the trust must also fail. The court's "finding" merely restated the law in this jurisdiction: the welfare of the children being paramount, the court has continuing jurisdiction in a divorce action to change the custody of the children if the childrens' best interests warrant it. Emrich v. McNeil, 75 U.S.App. D.C. 307, 126 F.2d 841, 146 A.L.R. 1146 (1942). In effect, the children are in her custody only so long as she acts in their best interests with regard to, among other things, their support, i. e., submits all vouchers for their support to the trust.

Finally, notwithstanding her allegations, the amount of the alimony is not without substantial evidence to support it.[4]

Affirmed.

---

1. Mr. Brown filed a motion to dismiss the appeal on the ground that his wife, having accepted the alimony payments, is estopped from appealing. Stein v. Stein, 83 U.S.App.D.C. 286, 170 F.2d 162 (1948) ; Harris v. Harris, 67 U.S.App.D.C. 85, 89 F.2d 829 (1937). Because we affirm the judgment below on its merits, we find it unnecessary to consider this issue.

2. Cf. Grollman v. Grollman, D.C.App., 220 A.2d 330 (1966).

3. In Grollman v. Grollman, supra n. 2, this court affirmed the trial court's " * * * conclusion that since trust funds have been established for the education of the couple's three children, no provision for their support in this regard need be made at present." [220 A.2d at 333.]

4. McEachnie v. McEachnie, D.C.App., 216 A.2d 169 (1966).