**Marion M. HABERMAN, Appellant,**

v.

**David I. HABERMAN, Appellee.**

**No. 5088.**

District of Columbia Court of Appeals.

Argued March 17, 1970.

Decided July 20, 1970.

Jean M. Boardman, Washington, D. C., with whom Paul J. McGarvey, Washington, D. C., was on the brief, for appellant.

Samuel Green, Washington, D. C., with whom Peter S. Taylor, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

KELLY, Associate Judge:

The facts pertinent to this appeal are that the parties, husband and wife, were married in 1947. They had two children, one of whom, a minor daughter, lives with the wife in Maryland. The husband resides in a separate home in Maryland and is employed in the District of Columbia. As a result of marital difficulties, appellant-wife called her husband at work one day in February 1968, requested that he not come home, and stated that she did not wish to see him again. Appellee-husband complied with her request and did not return home. The wife later changed the locks on the doors of the house, obtained an unlisted

telephone number, and put some of the husband's books outside of the house.[1] She also asked her husband not to come to see their daughter until the child had adjusted sufficiently to the separation. There was evidence, through the wife's own testimony, from which it could be inferred that she consistently attempted to prejudice the child against her father. At the same time, the wife testified that she made numerous attempts at reconciliation, to no avail.

In October 1968, the wife filed suit in this jurisdiction for separate maintenance and custody of the minor daughter. Denying in his answer that he had either failed or refused to support his wife and daughter, the husband counterclaimed for rights of visitation, raising no issue as to the question of custody. Upon motion, the court dismissed the wife's complaint at the close of her evidence, finding her guilty of constructive desertion and for that reason not entitled to an award of maintenance. It further found that the husband had neither failed nor refused to support his family and that it was therefore without jurisdiction "in this regard". Additionally, the court granted visitation privileges to the husband. The wife appeals.

■ We agree with the wife's contention that the evidence does not support a finding of constructive desertion. "Desertion contemplates a voluntary separation of one party from the other, without justification, an intention not to return, and the absence of consent or connivance of the other party."[2] Constructive desertion results from misconduct of one spouse which forces the other to abandon the marital abode.[3] However, while a husband may defeat a claim for maintenance by evidence that the separation was brought about by the wife's misconduct,[4] the fact that the wife requested her husband not to return home and changed the door locks is not such misconduct on the part of the wife as will support a finding of constructive desertion.[5] Such a finding is particularly inappropriate in this case where, in the absence of his testimony, there was clear indication that the husband consented to or acquiesced in the separation.

■ Despite the erroneous conclusion of constructive desertion, we nevertheless hold that the wife's complaint was properly dismissed on the basis of the alternative finding that the husband had not failed or refused to adequately support his wife and daughter.[6] Appellant complains that this finding is ambiguous and clouded by the finding of desertion, as well as by the alleged prejudice of the trial judge. But there is in the record competent evidence of the husband's ability to pay and of his actual contribution to the support of his family to sustain the court's denial of support and maintenance, independent of any issue of desertion. And while the trial judge certainly expressed displeasure at the wife's apparent inimical conduct towards the husband and her evident amusement at portions of the trial proceedings, his comments were not so prejudicial as to constitute error requiring reversal of a decision based upon such competent evidence. We hold the finding well within the permissible bounds of the court's discretion. *Cf.* McEachnie v. McEachnie, D.C.App., 216 A.2d 169 (1966).

■ Finally, the wife claims that it was error to award visitation privileges to the husband in the absence of an award of custody to the wife. Although the court had the discretionary power to make an award

1. *It is not clear from the record when the husband's other personal effects were removed.*

2. Hales v. Hales, D.C.App., 207 A.2d 657, 658 (1965).

3. *Id.*

4. Schiller v. Schiller, D.C.App., 194 A.2d 665 (1963).

5. Hales v. Hale, *supra* n. 2; Grollman v. Grollman, D.C.App., 220 A.2d 330 (1966).

6. Schiller v. Schiller, *supra* n. 4, 194 A.2d at 666; Grollman v. Grollman, *supra* n. 5.

of custody in this case,[7] the question of custody was not in issue and, as the court found, a fair reading of the record reveals that it was agreed that the husband should have visitation rights on terms suggested by appellee and set by the court. In such circumstances, the wife cannot now complain that the court should not have set visitation rights for the husband. We hold that such an award is within the jurisdiction of the court to make.[8]

Affirmed.

7. Alves v. Alves, D.C.App., 262 A.2d 111 (1970); *cf.* Schiller v. Schiller, *supra* n. 4.

8. *Cf.* Sheridan v. Sheridan, D.C.App., 202 A.2d 653 (1964).