*940 OPINION OF THE COURT
Renee R. Roth, S.
The main issue in these applications to reform two inter vivos revocable trusts is whether the instruments should provide that the trustee cannot exercise his discretionary power of invasion to satisfy his obligation to support his children, the beneficiaries of the trusts.
The background of these proceedings is as follows. In 1995, after Dorathea Eberhart told her two nephews, David and Frank, that she wanted to make gifts to their children, the nephews consulted the family’s corporate lawyer for tax advice. The attorney was advised that Mrs. Eberhart wanted to transfer the beneficial interest in a portion of her assets directly to her grandnieces and grandnephews bypassing David and Frank and thereby effectively utilizing her $1,000,000 generation-skipping transfer tax exemption (Internal Revenue Code [26 USC] § 2631). The attorney thereafter prepared two trust agreements for Mrs. Eberhart, one establishing trusts for the benefit of David’s children (with David as trustee) and one establishing trusts for the benefit of Frank’s children (with Frank as trustee). Both agreements reserved to the grantor the power to amend or modify the trust.
Although Mrs. Eberhart funded both trusts, neither agreement identifies her as the grantor. Instead, each trust instrument recites that the nephew who is named as trustee is also the grantor. The agreements also describe the beneficiaries of the trusts as the "grantor’s children” rather than the "trustee’s children” but the beneficiaries are each identified by their correct names. Furthermore, each trust instrument provides for distribution to the beneficiary of income and principal in the complete discretion of the trustee.
The language in these trusts creates several problems for Mrs. Eberhart, namely:
The mistake in the recitation of the grantor raises the question of whether Mrs. Eberhart transferred assets directly to the trust or made taxable gifts to David and Frank who themselves established the revocable trusts;
The mistake in the description of the trust beneficiaries as the "grantor’s children” rather than the "trustee’s children” reinforces the question of the identity of the grantor;
The appointment of a parent of the beneficiaries as trustee with unrestricted power of invasion raises the possibility that the revocable trust assets, or some portion thereof, may be *941 treated as owned by the trustee, individually, for tax purposes upon the creation of the revocable trust.
To eliminate these problems, Mrs. Eberhart requests the court to reform the trusts (1) to include a restriction on the trustee’s power of distribution to preclude distributions in satisfaction of his obligations of support, (2) to identify her as the grantor, and (3) to describe the beneficiaries, identified by name in the trust agreements, as the "trustee’s children” rather than the "grantor’s children”. All adult interested persons have consented to the requested relief as has the guardian ad litem for Frank’s minor children.
Initially, it is observed that, although reformation is rarely requested or needed for revocable instruments, the availability of another alternative does not necessarily preclude such relief (Matter of Mainzer, 151 Misc 2d 203). In this case, Mrs. Eberhart asserts that the requested relief cannot be accomplished by simply amending the trust because it is the very identity of the holder of the power to amend (the grantor) that is in issue and also because reformation would minimize the possibility of an unintended taxable event since, unlike an amendment, reformation is necessarily retrospective (Heath v State of New York, 278 App Div 8, affd 303 NY 658).
The most serious issue here is raised by the request to reform the trust to restrict the trustees’ discretion to distribute principal. The basis for such concern is the result of the intérplay of various tax principles. Under the Internal Revenue Code, a fiduciary’s power to distribute trust assets in satisfaction of his or her support obligations is treated as a power to distribute in favor of such fiduciary (Treas Reg [26 CFR] § 20.2041-1 [b] [1]; [c]; § 25.2514-1 [b] [1]; [c]); a power to distribute in favor of oneself at will is considered a general power of appointment (Treas Reg [26 CFR] § 25.2514-1 [b] [1]; [c]) and the lapse or release of a general power of appointment is generally a taxable event (Internal Revenue Code [26 USC] § 2041 [a] [2]; [b] [2]; § 2514 [b], [e]). Based on these principles, Mrs. Eberhart is concerned that if she amends the trust to restrict the trustees’ invasion powers, the Internal Revenue Service may nonetheless take the position that before such amendment the trustees’ failure to exercise £he power of distribution to satisfy their own individual support obligations constituted a taxable transfer by them.
The question thus is whether a fiduciary may exercise his discretionary power to invade a trust for the benefit of his minor children in a manner that satisfies his own duty to sup *942 port them. As mentioned above, this power would be classified as a general power of appointment, and its exercise, lapse or release might constitute a taxable transfer if the grantor’s power to revoke the trust does not preclude such taxation. Although there is no statute or judicial comment that directly addresses the issue before the court, it is observed that under New York law (EPTL 10-10.1) a trustee may not exercise a discretionary power in his own favor. Is not distribution of trust assets in a manner which reduces the trustee’s own financial obligations tantamount to a direct distribution to his own pocket? Simply put, such a distribution, prompted by the trustee’s self-interest, would be a breach of his fiduciary duty and would give rise to a right to recovery on behalf of the trust from the trustee individually. A distribution of trust assets which has the effect of satisfying or reducing the trustee’s obligation to support his children clearly falls within the prohibition of EPTL 10-10.1 which was enacted to restrict the powers of a fiduciary so that there could be no dispute that the trust is not an asset of the fiduciary’s own taxable estate (Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 10-10.1, at 688). Accordingly, the trust instrument need not be reformed to duplicate the statutory prohibition.
With respect to the request to correct the name of the grantor of these trusts, it is undisputed that Mrs. Eberhart funded these trusts and that she never intended to make a gift of these assets to her nephews (Gruen v Gruen, 68 NY2d 48). The trust instruments are therefore reformed to identify Dorathea Eberhart as the grantor.
The mischaracterization of the named beneficiaries (as the "grantor’s children” rather than the "trustee’s children”) flowed directly from the mistake in identifying the grantor and does not require judicial reformation.