■ In the Matter of the Estate of Burton Wallens, Deceased. Maggie Wallens, Respondent-Appellant; Charles Wallens, Appellant-Respondent. [816 NYS2d 793]—

Appeal and cross appeal from an order of the Surrogate's Court, Erie County (Barbara Howe, S.), entered March 11, 2005. The order granted in part respondent's motion to dismiss the objections to respondent's account of the testamentary trust covering the period May 1, 1997 through April 30, 2003 and granted in part the cross motion of petitioner for summary judgment on her objections.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in its entirety, dismissing the objections in their entirety and denying the cross motion in its entirety and as modified the order is affirmed without costs, and the matter is remitted to Surrogate's Court, Erie County, for further proceedings in accordance with the following memorandum: In 1992, Burton Wallens (testator), executed his last will and testament in which he provided, inter alia, for the establishment of a $200,000 testamentary trust for petitioner, the testator's granddaughter. Respondent, petitioner's father, and Richard D. Yellen, the testator's cousin and the drafter of the will, were designated as the cotrustees of the trust. The will granted the cotrustees broad discretion to distribute directly to petitioner "or apply for her sole benefit so much of the income at any time and from time to time such amount of the principal thereof per year . . . [as the cotrustees] shall deem advisable for her proper support, education, maintenance and general welfare or may, in the [cotrustees'] discretion, accumulate so much of the income not so distributed or applied." The will provided that the trust was to terminate upon petitioner's 30th birthday, at which time the principal and accumulated income were to be distributed to petitioner.

Respondent and his wife were divorced in 1995, when petitioner was 13$\frac{1}{2}$ years old and attending private school. Pur-

suant to a separation agreement incorporated but not merged into the judgment of divorce, respondent was obligated to pay child support on behalf of petitioner as well as all of her private secondary school and college expenses. The testator died in March 1997, whereupon the trust was funded and respondent and Yellen were appointed cotrustees pursuant to the will. From then until 2003, trust funds were expended on behalf of petitioner. According to respondent's account submitted to Surrogate's Court, such expenditures were primarily for petitioner's secondary school and college expenses, but some expenditures were for health care for petitioner and reimbursements for her personal allowance. Meanwhile, by order to show cause granted by Supreme Court in March 2000, respondent sought an order eliminating his obligation to pay child support to petitioner. In August 2000, Supreme Court issued an order directing that the "trust established by the [testator] for the benefit of the [petitioner] shall be used to pay for normal and customary college costs and expenses."

Yellen resigned as cotrustee in 2002 and, in early 2003, petitioner sought an order, inter alia, directing respondent and Yellen to render their account of the trust. The Surrogate thereafter issued an order that, inter alia, directed respondent, as cotrustee, to file an account for the trust. In June 2003 respondent filed his account covering the period May 1, 1997 through April 30, 2003. Petitioner filed objections to that account, whereupon respondent replied to those objections and moved to dismiss them. Petitioner cross-moved for summary judgment on her objections. The Surrogate granted respondent's motion to dismiss in part and granted petitioner's cross motion in part. With respect to the motion, the Surrogate concluded that respondent was authorized, pursuant to the August 2000 order of Supreme Court, to use trust funds for petitioner's college expenses. With respect to the cross motion, the Surrogate sustained as a matter of law the objections of petitioner to the use of trust funds for secondary school and health care expenses and reimbursements for her personal allowance. The Surrogate relied on *Matter of Eberhart* (171 Misc 2d 939 [1997]) and *Gold v Gold* (96 Misc 2d 481 [1978]) in concluding that the obligation of respondent to support petitioner during her minority could "not be avoided by him by the simple expedient of using [her] trust funds to pay for what he was otherwise lawfully required to expend for her support." The Surrogate thus concluded that "all pre-college education expenses which are set forth in [respondent's] accounting . . . must be disallowed as unlawful expenditures from the trust, and [respondent] is required to repay the same, together with interest thereon . . . ."

We conclude that the Surrogate properly granted respondent's motion insofar as it dismissed the objections to the use of trust funds for petitioner's college education. However, we conclude that the Surrogate erred in granting the cross motion insofar as it sustained the objections to the use of trust funds for petitioner's secondary school, health care expenses, and personal allowance. We modify the order accordingly, and we remit the matter to Surrogate's Court for further proceedings consistent with this decision.

Contrary to the contention of petitioner, we conclude that respondent did not engage in self-dealing, in breach of his fiduciary obligations to her by his use of trust funds in precisely the manner authorized by the testator in the will provision establishing the trust. In concluding that such expenditures were in keeping with the testator's intent, we note the evidence that the testator was aware of respondent's divorce but nevertheless did not change the terms of his will during the two years between respondent's divorce and the testator's death (*see generally Cleveland Clinic Found. v Humphrys*, 97 F2d 849, 855 [1938], *cert denied* 305 US 628 [1938]). Moreover, we conclude that the explicit terms of the trust are not to be disregarded or nullified merely because their application might relieve a trustee of what otherwise would be his or her parental responsibility to provide for the support, maintenance, and education of the beneficiary (*see Matter of Carlson Trust No. 1*, 82 SD 631, 635-636, 152 NW2d 434, 436-437 [1967]; *Cleveland Clinic Found.*, 97 F2d at 858; *see also Nielsen v Nielsen*, 93 Idaho 419, 424, 462 P2d 512, 517 [1969]; *see generally Matter of Friedlander*, 189 App Div 90 [1919]). We note in particular that, in *Carlson Trust No. 1* (82 SD at 635-636, 152 NW2d at 436), the court wrote that there is an exception to the rule requiring a parent to support his or her minor children if able to do so where, "by a trust, will or agreement, a fund has been set up for the express purpose of support, maintenance and education of the minor children. In such case, the prevailing rule appears to be that the income and property of the minors shall be applied for that purpose without regard to the ability of the parents to support said minors" (*see e.g. McElrath v Citizens & S. Natl. Bank*, 229 Ga 20, 24-25, 189 SE2d 49, 52-53 [1972]; *Lakenan v Lakenan*, 256 Cal App 2d 615, 622-623 [1967]; *Grollman v Grollman*, 220 A2d 330, 333 [DC App 1966]). *Grollman* is particularly instructive because, in that case, the parent whose support obligation was at issue was the trustee of the trust established for the children's benefit. The *Grollman* court nonetheless noted that, "[i]n the case at bar, the trust funds were expressly established by appellee's brother to provide for payment (from both income

and corpus) of certain educational expenses of the children. We hold that under these facts, appellee had the right, if not the duty as trustee, to apply these funds for his children's college education, irrespective of whether he was able to so provide from his own means" (id.).

Finally, even assuming, arguendo, that respondent was disqualified pursuant to EPTL 10-10.1 from using the trust funds for petitioner's secondary school expenses, we note that the Surrogate's reliance on *Eberhart* (171 Misc 2d at 941-942) is misplaced under the circumstances in this proceeding. The court in *Eberhart* properly observed that, pursuant to EPTL 10-10.1, "a trustee may not exercise a discretionary power in his own favor" (id. at 942). Here, however, the distributions were made by respondent and Yellen, the cotrustee, and the statute permits a cotrustee to make discretionary allocations that the other cotrustee is disqualified from making (see EPTL 10-10.1). Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.